# DECISIONS

## OF THE

## Supreme Court of Florida,

### AT TERMS HELD IN 1860.

————◆◦◆————

CRAVEN KITROL, PLAINTIFF IN ERROR, vs. THE STATE.

1. The Grand Jury must consist of men possessing the qualifications prescribed by statute, and one incompetent Grand Juror will render an indictment void and of no effect: *Provided* exception thereto is taken before issue joined and trial on said indictment.

2. If a disqualified or incompetent person is returned upon the Grand Jury, he may be challenged by the prisoner before the bill is presented. Or after the finding, the defendant may plead it in avoidance.

3. Under the provisions of the statute of this State, a person *over sixty years* of age is not a competent Grand Juror.

4. Where a Grand Juror is asked by the Court, in common with all the persons drawn as Grand Jurors, whether he is over sixty years of age, and remains silent and takes the oath of a Grand Juror, it is an acknowledgment he is under sixty years of age, and he will be so considered until the contrary is clearly established by evidence.

This case was decided at Marianna.

Appeal from Holmes' Circuit Court.

The opinion of the Court contains a full statement of the facts, to which reference is made.

*A. H. Bush,* for plaintiff in error, cited 1 Chitty's Crim. Law, 307, 308; Rawls vs. The State, 8 S. & M., 599, 609;

2

| | |
|---|---|
| 9 | 9 |
| 31 | 262 |
| 9 | 9 |
| 33 | 307 |
| 9 | 9i |
| e40 | 462 |
| 9 | 9 |
| 43 | 460 |
| 9 | 9 |
| 49 | 118 |
| 9 | 9i |
| 51 | 32 |

McQuillen vs. The State, do., 587, 597; Barry vs. The State, 12 S. & M., 68; The State vs. Middleton, 5 Porter, 484; 1 Black., 387; 2 Black., 475; 1 Burr's Trial, 37.

*W. D. Barnes*, for Attorney General, for the State.

FORWARD, J., delivered the opinion of the Court.

The plaintiff in error was indicted at the Spring Term, 1858, under the act of January 6, 1855, entitled *"An Act to prevent white persons from gaming with negroes or other persons of color."*

To this indictment, preferred by the Grand Jury of Holmes county, the accused pleaded in abatement:

"That Thomas Andrews, one of the jurors forming said Grand Jury, was at the time of the holding of said Spring Term, A. D. 1858, of said county Circuit Court, and before then, over the age of sixty years."

To this plea the Solicitor replied that the juror named was not over sixty years of age, and that if he was, it was no *disqualification* of him as such juror.

Upon this issue upon the plea of abatement it appears by the record that the accused, to maintain the issue, introduced the following witnesses, who deposed as follows, viz:

"David Andrews being duly sworn, says that he is a son of Thomas Andrews, who served as a Grand Juror at Spring Term, 1858, of this Court; his father died on or about the 17th of June, A. D. 1858; does not know his father's age; heard his father say that he was born in 1795 or 1805, his father did not know which, the family record having been destroyed; from what he heard his father say, and from his appearance, thinks he was over the age of sixty when he served; has seen persons younger than his father look older."

"Robert R. Golden said that he heard Thomas Andrews, deceased, a few months before Court, complain of his having

to serve on the Jury, and then told witness he was sixty odd years old; did not know exactly how old; thought he was sixty-seven; witness was tax collector of his county in 1853; the said Andrews refused to give in his poll tax because he was over fifty; said he had been off the tax list several years before then."

"W. L. Jamison knew Thomas Andrews; sat up one night with him in his last illness, and heard him say to one of his sons that he had lived to be over sixty years; did not say how much."

On the part of the prosecution, it appears by the bill of exceptions:

"That the juror, Thomas Andrews, as well as his fellows, was asked if he was under the age of (60) sixty years, which question was propounded to the whole panel, and the jurors requested to make it known to the Court if any of them were of the age of sixty years or over, and that said Andrews did not say he was sixty years of age or over said age; whereupon he was sworn as a Grand Juror for said county."

Upon this testimony the Court overruled the plea in abatement, and the accused being put upon his trial, pleaded not guilty, and upon a trial was convicted, and the Court assessed the punishment to a fine of one hundred dollars.

Afterwards the defendant moved for a new trial, which was denied by the Court, from to the plaintiff in error excepted and prays bill of exceptions.

The only error assigned is, that the Court erred in giving judgment against the plaintiff in error on the plea in abatement.

It is contended by counsel for plaintiff in error that if the said juror was over sixty years of age that he was not a competent juror, and that the plea ought to have been sustained.

By the statute of this State, fixing the qualifications of jurors, it is provided that

"The free white male citizens of the United States, who are householders, inhabitants and residents of this State, above the age of twenty-one years and under sixty years, shall be liable to serve, and are hereby *made competent* jurors for the trial of criminals within this State, and in the trial of civil causes for the recovery of debts and damages to any amount whatever."

And in a subsequent act, passed in 1846, it is enacted that—

"No person under the age of twenty-one years, or above *the age of sixty,* nor any person continually sick, nor any habitual drunkard, *shall be summoned* on the jury."

The first question to be considered is whether one incompetent Grand Juror will make an indictment void and of no effect?

In 1st volume of Chitty's Criminal Law, page 309, it is stated:

"This necessity for the grand inquest to consist of men free from all objection existed *at common law,* and was affirmed by the statute 11 Hen. 4, c. 9, which enacts that any indictment taken by a jury, one of whom is unqualified, shall be altogether void and of no effect whatsoever."

It is said by Hawkins, Pleas of the Crown, Book. 2, ch. 25, sec. 28, that if any one of the grand jury who find an indictment be within any one of the exceptions in the statute, he vitiates the whole, though ever so many unexceptionable persons joined with him in finding it."

12 Smedes & Marshall, 69. See also Barney vs. The State of Mississippi.

These authorities are conclusive that one incompetent Grand Juror renders the indictment void and of no effect whatsoever, if exception thereto is taken by the defendant at the proper time and in the regular manner.

The next inquiry is, at what time this exception should be taken, and how should it be presented to the Court?

By reference again to Chitty's Criminal Law, we find it laid down: "If a man who is disqualified be returned, he may be challenged by the prisoner before a bill is presented, or if it be discovered after the finding the defendant may plead it in avoidance." It is clear that a defendant before issue joined may plead the objection.

In McQuillen vs. The State of Mississippi, 8 Smedes & Marshall, page 597, the Supreme Court of that State say:

"A person who is in Court, and against whom an indictment is about to be preferred, may undoubtedly challenge for cause. This is not questioned. But the Grand Jury may find an indictment against a person who is not in Court. How is he to avail himself of a defective organization of the Grand Jury? If he cannot do it by plea, he cannot do it in any way, and the law works unequally by allowing one class of persons to object to the competency of the Grand Jury, whilst another class has no such privilege. This cannot be. The law furnishes the same security to all, and the same principle which gives to a person in Court the right of challenge, gives to one who is not in Court the right to accomplish the same end by plea." See also Commonwealth vs. Parker, 2 Pickering, 550; Commonwealth vs. St. Clair, 1 Grattan, 556.

We are therefore of the opinion that the incompetency of the Grand Jurors by whom indictment is preferred may be pleaded by the defendant in abatement.

This brings us now to consider whether, under the provisions of our statute, a juror over sixty years of age is a competent Grand Juror?

It is contended by acting Attorney General that our statute in this respect is directory and not peremptory, and leaves it a question of privilege with the juror, and if over sixty he is *exempt and not liable.*

Such a ruling has been made both in England and Amer-

ica, but we apprehend it was thus adjudicated upon statutory provisions different from ours.

By reference to the statute above cited it will be seen that our Legislature, in fixing the qualification of jurors, says: He must be a free white male citizen of the United States; he must, in addition thereto, be a householder; he must be an inhabitant; he must be a resident of this State; he must be above the age of twenty-one years, and he must be under sixty years. Such persons, says the statute, "*are hereby made competent jurors.*"

These provisions of qualification it appears to us are undeniable.

Suppose a person called who is possessed of all the above qualifications excepting he was not a *householder*, would it be contended that he was a competent juror? The answer is, the statute requires he should be a householder.

So when a juror is empannelled who is *over* sixty years of age, and is possessed of all the other qualifications, he is not a competent juror. And why not? Because the statute says he shall be "*under sixty years.*"

Had the statute ended where it says "*shall be liable to serve,*" then we might with propriety say, the statute leaves it a question of privilege with the juror; but the statute goes further; it declares that such persons are *competent* jurors, &c. It follows that if such persons are competent, others not possessed of such qualifications are not competent.

It was evidently the intention of the Legislature to secure, for the protection of the citizen whose rights might be affected, a Grand Jury composed of members possessing certain qualifications, *defined by the law.* In giving this statute such a construction we carry out that intention. We are therefore of the opinion that a person *over sixty years* of age is not, under the statute, a *competent* Grand Juror.

The Court below took testimony on the plea in abatement, on the inquiry whether the said juror was in truth over sixty

years of age at the finding of said indictment, and upon hearing the testimony decided that fact was not established.

We see no reason for reversing the decision in this respect. The testimony in support of the affirmative consists, as will be seen by reference to it, of vague and uncertain declarations of the juror made both before and after the finding of the bill of indictment. The juror did not seem to know how old he was himself.

When called upon for his "poll-tax," he was over age; but when asked by the Court, when about to be sworn as a Grand Juror, whether he was over sixty years of age, made no reply, but afterwards took the oath of a Grand Juror, thus solemnly acknowledging he was under that age.

There being testimony on both sides of the issue, and the Court having weighed the same, and having given more weight to one declaration of the juror than others, we are not prepared to say it decided contrary to the weight of evidence.

*Per curiam.*—Let the judgment of the Court below be affirmed, with costs.