Gladden vs. The State of Florida—Syllabus.

SILAS GLADDEN, APPELLANT, vs. THE STATE OF FLORIDA, APPELLEE.

1. The act of the Legislature of 1868, relating to jurors, provides that the County Commissioners of each county shall make a list of 300 names of persons qualified to serve as jurors, from which list the grand and petit jurors are to be drawn. The commissioners of Jackson county furnished a list to the clerk of 302 names, from which the grand and petit jury were drawn. *Held*, That this was an irregularity, forming a proper ground of challenge to the array of the petit jury.

2. Where the whole number of any grand or petit jury are not summoned, it is the duty of the court to direct the clerk to draw a sufficient number to complete the jury from the list furnished by the county commissioners in the same manner as provided by law for the drawing in the first

instance, and to issue a venire for the summoning of the persons so drawn. (Sections 5 and 32, act of 1868, relating to jurors.)

3. A special venire for talesmen to form a jury for the trial of a cause, when a sufficient number of jurors regularly drawn and summoned cannot be obtained by reason of challenge or otherwise, is proper, and the court may cause jurors to be summoned from the bystanders or from the county at large to complete the panel. Section 21, act of 1868.

4. An application for a second continuance upon an affidavit which discloses the fact that the witnesses reside and are beyond the limits of the State, may be refused for that reason, and such refusal forms no ground for the granting of a new trial upon an appeal by this court.

5. Where an affidavit for a continuance fails to show that the testimony of an absent witness is material, it forms no ground for a continuance.

6. The circuit judge charged the jury, on the request of counsel for the State on the trial of an indictment for murder, that " if the State proved a deliberate killing, not the mere fact of killing, then it was for the prisoner to prove that it was not murder, and if he has failed to do so, you will find the prisoner guilty." *Held*, That this charge was erroneous. It should have been qualified by adding, in substance, " unless the circumstances showing that the killing was not murder, or other grade of crime, appeared by the testimony produced by the prosecutor."

7. An irregularity in the drawing or summoning of a grand jury (as that the grand jury was drawn from a list of 302 names, instead of 300 as provided by statute) may be taken advantage of by plea in abatement to the indictment, which plea must be interposed before pleading in bar.

This is an appeal from the Circuit Court for Jackson county. The appellant was indicted and convicted of the crime of murder. The case is sufficiently stated in the opinion of the court.

*J. F. McClellan* for Plaintiff in Error.

In arguing the errors assigned, I will consider the first, second and third together.

The prisoner's motion to quash the venire and his challenge to the array of petit jurors, called the regular petit jury, should have been sustained and the jurors not forced upon the prisoner. Those persons were improperly there as jurors. They were taken from a list of three hundred and two, and furnished to the clerk of the court by the county

commissioners under the 3d section of the act of 1868. The board exceeded their authority in drawing 302 jurors. The ghest number that could be drawn in any county is 300. See section 3, acts 1868. If they could draw 302, they could draw 1,000. By this error the whole list was vitiated.

The special venire was void. See section 21 of acts of 1868. The exigency provided for in the section did not arise, because no jury had been legally drawn.

4. The refusal to grant a continuance was error. The affidavit was full in every respect; the witnesses were under subpœna, and their evidence material. 9 Fla., 490; 12 Fla., 562.

5. The fifth error is well taken. The reply of the juror to the question asked by the court that the "prisoner ought to be hung," showed plainly the question put by the court was erroneous. The reply of the juror was responsive to the question by the court, and well calculated to affect the minds of the jurors already sworn.

6. This error is undoubtedly well assigned. The verdict guilty, was not in accordance with the charge of the court. He should have stated the degree of the guilt, and the motion of the prisoner was to have the jury polled to show they did not intend by their verdict that he was guilty of murder. His motion was to rebut the presumption, and should have been allowed. This was clearly his right and it was error to refuse it. 5 How., (Miss.) 730; 19 Conn., 388; 5 How., (Miss.) 388; 17 Ala., 587 and 618; Wright's Ohio, 75; 8 Missouri, 495; 9 Yerger, (Tenn.,) 279.

7. The seventh error is well taken. The charge of the court was too broad. The court should have qualified the charge by charging "that if it appeared from the evidence by the State that there was no malice," then, &c. 8 S. & M., 401; Wright's Ohio, 20. It makes no difference that the whole rule had been given in a former part of the charge; it should have been repeated here. 9 Fla., 163.

8. The court had charged that the jury should find the

626　　　　　　　SUPREME COURT.

Gladden vs. The State of Florida—Opinion of Court.

degree of the prisoner's guilt. This they did not do, and therefore it was contrary to the charge of the court.

9. This error is embraced in the seventh. The charge was too broad and should have been qualified.

10. The prisoner was the best judge of his peril and the court should have given the jury the right to look at all the circumstances and to have concluded as to whether the prisoner believed that he was in imminent peril after the threat and at the time of killing. The charge excluded them from from this their province.

11. When looking at the whole case the court should have granted a new trial, because it fully appears the evidence of witnesses under subpœna for prisoner and material to his defence was not had.

*J. B. C. Drew,* (for Att'y General) for the State.

RANDALL, C. J., delivered the opinion of the court.

The appellant assigned for error that the court overruled his "motion to quash the regular venire" and his challenge to the array of petit jurors. It was shown upon the challenge and the motion to quash, that the county commissioners had furnished to the clerk a list of three hundred *and two* (302) names of persons qualified to serve as jurors, from which list the jury was drawn, whose names were inserted in the venire issued to and served by the sheriff for the term at which the prisoner was tried.

The act of 1869 relating to jurors provides that the board of county commissioners shall select from the list of registered voters in their respective counties and make out a list of three hundred persons properly qualified to serve as jurors, and furnish this list to the clerk. It is urged that the list furnished, being in excess of the legal number, is unauthorized and illegal. However unimportant the discrepancy may seem to be, we consider that the appellant had a right to demand a strict compliance with the law in the drawing

and empaneling of a jury. Irregularities, however slight, when they show a departure from the provisions of law in respect to the selection, summoning, and empaneling of jurors, are proper grounds of objection to the jury, and form grounds of challenge to the array. Wharton's Am. Crim. Law, 3d ed., 945, and 1,041, and authorities cited.

The 2d error assigned is, that the court erred in overruling the motion of the prisoner's counsel to quash the special venire for the term.

The record shows that there was a failure to summon the whole number of petit jurors named in the venire, and that a special venire was issued to the sheriff requiring him " to summon twenty good and lawful jurors" * * " to serve as petit jurors at the present term of this court." Section 32 of the act of 1868, relating to jurors, provides that " if for any cause the whole number of any grand or petit jury should fail to be summoned according to the provisions of this chapter, the judge of the court may direct the clerk to draw, in the manner provided in this act, grand and petit jurors, and issue a venire to the sheriff, or other officer, directing him forthwith to summon a sufficient number for such grand and petit juries." The " manner" of drawing jurors to supply the deficiency is prescribed by section 5 of said act, which was not the mode pursued in the case at bar. The motion to quash this special venire should have been granted.

The third error assigned is, that the court overruled the prisoner's motion to quash the special venire for talesmen summoned for this cause and from which the jury to try this case was selected. We do not think any error was committed in this matter ; a venire for two hundred and fifty persons competent to serve as jurors, was issued for the purpose of selecting a jury for the trial of this case.

It is objected that they should have been selected from the list furnished by the county commissioners, but by section 21 of the before mentioned act, relating to jurors, the

court is required to cause jurors to be summoned from the bystanders or from the county at large to complete the panel whenever a sufficient number of the jurors duly drawn and summoned cannot be obtained for the trial of any cause. From the fact that the court directed the summoning of the two hundred and fifty, we infer (though the record does not clearly disclose the fact,) that the regular panel had been exhausted, and if so, the proceeding was in accordance with the requirements of law.

The 4th ground of error is, that the court refused the prisoner a continuance upon his affidavit filed.

The affidavit shows that three of the required witnesses were absent from the State and resided in Alabama, some fifty miles from the place of trial. That " he has used every effort to procure their attendance ; that they have assured him they would be present at this term of the court; that he had sent them messages and written them letters urging them to be here, and they are not absent by his consent or procurement."

The affidavit sets out the substance of what he expects to prove by them, and states that the application is not made for delay.

This was the second application for continuance since the finding of the present indictment.

It has been held in a great variety of cases that a continuance will not be granted upon such an application, where the absent testimony or witness is beyond the process of the court, unless the prisoner has had no time to prepare his defence. Foster C. L., p. 2 ; State vs. Lewis, 1 Bay, 1; State vs. Fyles, 3 Brevard, 304 ; Mulls' case, 8 Gratt., 695 ; Wharton's Am. Cr. Law, 940, 3d ed.

Another witness, Head, is stated to have been subpœnaed, who resides in Jackson county where the trial was had, but the testimony of this witness is shown by the affidavit to be quite immaterial, showing simply that an altercation had taken place between the prisoner and the deceased over three

months prior to the homicide.  The circuit judge could well judge of the expediency of granting the continuance upon the case made by the affidavit, and it is not such a case as will warrant this court in controlling his discretion.   See Gladden vs. The State, 12 Fla., 562.

The seventh error alleged is that the court charged the jury at the request of the attorney for the State that " if the State proved a deliberate killing, not the mere fact of killing, then it was for the prisoner to prove that it was not murder, and if he has failed to do so you will find the prisoner guilty."

It was held in the case of Holland vs. The State, 12 Fla., 117, that the implication of malice arises in every instance of homicide, and in every charge of murder, the fact of killing being first proved, the law will imply that it was done with malice, and all the circumstances of accident, necessity or infirmity, are to be satisfactorily proved by the prisoner, *unless* they arise out of the evidence produced against him.

This has also been held by this court in the case of Dixon vs. The State, decided at the present term, and see McDaniel vs. The State, 8 S. & M., 401.   The circuit judge, in giving this charge, at the request of the prosecution and after the whole ground had been gone over upon this point, erred in omitting the essential qualification, " unless the circumstances showing that it was not murder have been proved by the evidence produced against him."   In a former portion of the charge this qualification was substantially given, but because the instruction asked for was the last given to the jury on the subject, it may have tended to mislead them.

There are several other errors assigned, but we do not think they are substantial or that the prisoner's case was prejudiced by the proceedings therein alleged.

We have treated a paper found incorporated into this record as the charge and instructions of the judge to the jury, because it has been so treated by counsel on both sides. It may be improper to consider every paper found copied

into a record by the clerk as properly a part of the record merely because it is so copied. Serious inconvenience is sometimes occasioned by the want of proper care in this respect. We desire to call attention to the provisions of chapter 140, laws of 1847-8, "An act to amend the several acts regulating judical proceedings," which indicates the method of preparing the charges and instructions given to juries upon the trial of all common law causes, and to remark that unless the provisions of this law are observed, unnecessary expense and delay may follow the omission for which neither party may be responsible.

There is another feature in this case not embraced in the assignment of errors, upon which we desire to make a suggestion. In the body of the record we find that the counsel for the prisoner challenged the array of grand jurors, and asked that the venire be quashed after pleading in bar, upon the ground that the grand jury was drawn from the list of 302 names instead of 300 names of persons qualified to be jurors. We have already said that an irregularity existed in this particular, which was an error of which the accused might avail himself.

In Massachusetts, New York and other States, it has been held that objections to the legality of the returns of grand jurors cannot affect an indictment found by them after it has been received by the court and filed; that such objection must be interposed before indictment found, and even before the grand jury is sworn. But it seems to be now settled that such objection may be made by plea in abatement to the indictment at any time before pleading in bar. This is substantially the rule announced by the Supreme Court of this State in Ditrol vs. The State, 9 Fla., 9. The opinion of the Supreme Court of Mississippi in McQuillen vs. The State, 8 S. & M., 587, delivered by Chief Justice Sharkey, announces what we consider the true and correct practice in such a case. Such matters are reached by plea in abatement only, (though in some States a challenge to the array

is treated, we do not say properly so, as a substitute for a plea in abatement) and matters in abatement in criminal as well as in civil cases must be pleaded before pleading in bar.

The judgment of the Circuit Court is reversed and a new trial awarded.