Dttkfee, C. J.
 

 The defendant being in-dieted in the Court of Common Pleas, pleaded in abatement “that one. of the grand jurors who was taken up on venire, to wit, one Benjamin W. Healey, of the city and county of Providence, was not, when impanelled and sworn, and during the sitting of the grand jury and when the indictment was found, qualified to act as a grand juror, not being qualified to vote on any proposition to impose a tax or for the expenditure of money in said city or in any town in the county.” The plea was demurred to and overruled. The case comes before us by a bill of exceptions which raises the question whether the plea was rightly overruled. The attorney general contends that it was on two grounds.
 

 1. The plea is predicated on Gen. Stat. R. I. cap. 189, § 1, to wit: “ All persons who are qualified to vote upon any proposition to impose a tax or for the expenditure of money in any town, shall be liable to serve as jurors, except as hereinafter provided.” The section, it will be observed, declares who are liable to jury duty, not who are qualified for it. The attorney general therefore contends that any person, having the common law qualification, is qualified for the duty, though he may not be liable to it. This is a possible view of the law, but nevertheless we think it is specious rather than sound. Any one who will take the trouble to examine the legislation of the State will find that jury service has always been regarded rather as an unwelcome duty than as a coveted privilege. Exemption from service has been treated as the privilege. Hence it is, doubtless, that the persons designated for jurors are spoken of as persons who are liable instead of qualified to serve. Many exemptions are allowed only in consideration of other public services, and it is therefore highly improbable that any class of citizens qualified to serve would be gratuitously excused otherwise than by special exemption. In our opinion it was intended that, subject to such exemptions, the liability to service should be the test and measure of qualification. And this has been the practical construction of the statute, not only by the various town councils, in making up their jury lists, but also by this court, as is apparent from the time-honored formula used in capital trials, in which the question addressed to the juror to ascertain if he is qualified, is expressed in the words in which the
 
 *498
 
 statute declares the liability. We think the statute must be regarded as a revision of the common law, superseding it; Sedg-wick on Statutory and Constitutional Law, 105;
 
 Commonwealth
 
 v.
 
 Cooley,
 
 10 Pick. 87.
 

 2. The attorney general contends that the objection comes too late after the jury has been impanelled and sworn. He cites cases which hold that such is the rule ;
 
 Commonwealth
 
 v.
 
 Smith,
 
 9 Mass. 107, 110;
 
 Commonwealth
 
 v. Gee, 6 Cush. 174 ;
 
 People
 
 v. Jewett, 3 Wend. 314, 321; at least if the accused has previously been held to answer.
 
 People
 
 v. Beatty, 14 Cal. 566. Other cases hold that the objection may be taken by plea in abatement.
 
 The State
 
 v.
 
 Rockafellow,
 
 6 N. J. Law, 332 ;
 
 Commonwealth
 
 v.
 
 Cherry,
 
 2 Va. Cas. 20;
 
 Stanley
 
 v.
 
 The State,
 
 16
 

 Texas, 557 ;
 
 The State
 
 v.
 
 Middleton,
 
 5 Port.
 
 484; Barney
 
 v.
 
 The State,
 
 12 S. & Marsh. 68;
 
 The State
 
 v.
 
 Duncan,
 
 6 Yerg. 271;
 
 Doyle
 
 v.
 
 The State,
 
 17 Ohio, 222;
 
 Huling
 
 v.
 
 The State,
 
 17 Ohio St. 583;
 
 Kitrol
 
 v.
 
 The State,
 
 9 Florida, 9. We think these latter cases rest on the stronger reasons.
 
 [1]
 
 It is certainly not . reasonable to require a person, who has not been held to answer, to object to the juror before he is impanelled ; for he may be on the other side of the globe, or he may have no reason to suppose he is going to be indicted, being guiltless. And, even if a person has been held to answer, he may be in prison, or sick at home, or, if in court, he may be ignorant, without fault, of the disqualification of the juror until after he has been sworn. Indeed, a person may be indicted for an offence committed pending the inquest. Moreover, the action of the grand jury is
 
 ex parte
 
 and preliminary, and it is contrary to principle to hold that a person shall forfeit his rights by not intervening in a proceeding to which he is not a party. No English case has been cited, but English treatises of authority recognize the plea. 2 Hale P. C. 155 ; Bacon Abr. Juries, A.; 1 Chitty Crim. Law, 309. The statute 11 Henry IV. cap. 9, which has been referred to as the source of the English rule, is deemed to be declaratory of the common law.
 
 The State
 
 v.
 
 Poster,
 
 9 Texas, 65;
 
 Commonwealth
 
 v.
 
 Cherry,
 
 2 Va. Cas. 20. And on the question whether it may not be considered a part of the law of this State by adoption, see Dig. of 1767, p. 56, R. I. Col. Rec. vol. 5, p. 289, and Gen. Stat. R. I. cap. 260, § 3.
 

 
 *499
 

 Willard
 
 Sayles, Attorney General, for plaintiff.
 

 Marquis D. L.
 
 Mowry, for defendant.
 

 We do not think the plea is bad for either of the reasons assigned. We think, too, the plea is sufficient in point of form, however it might have been if the juror had been drawn, see
 
 The State
 
 v. Middleton, 5 Port. 484; for we know as matter of practice, that a grand juror taken up on
 
 venire
 
 is immediately impanelled and sworn. The exceptions are therefore sustained and the indictment quashed.
 
 Exceptions sustained.
 

 [1]
 

 And see
 
 State
 
 v.
 
 Maloney, ante,
 
 p. 251.