## TARRANCE v. FLORIDA.

**ERROR TO THE SUPREME COURT OF THE STATE OF FLORIDA.**

No. 202.   Argued April 17, 1902.—Decided February 23, 1903.

An actual discrimination by the officers charged with the administration of statutes unobjectionable in themselves against the race of a negro on trial for a crime by purposely excluding negroes from the grand and petit juries of the county, will not be presumed but must be proved. An affidavit of the persons under indictment, annexed to a motion to quash the indictment on the ground of such discrimination, stating that the facts set up in the motion are true "to their best knowledge, information and belief" is not evidence of the facts stated. *Smith* v. *Mississippi*, 162 U. S. 592, followed; *Carter* v. *Texas*, 177 U. S. 442, distinguished.

Under the decisions of the Supreme Court of Florida objections to the panels of grand juries not appearing of record must be taken by plea in abatement of, and not by motion to quash, the indictment.

THE case is stated in the opinion of the court.

*Mr. Isaac L. Purcell* for plaintiffs in error.

*Mr. W. B. Lamar,* attorney general of the State of Florida, or defendant in error.

MR. JUSTICE BREWER delivered the opinion of the court.

Plaintiffs in error were convicted in the Circuit Court of Es-

cambia County, Florida, of the crime of murder and sentenced to fifteen years in prison. The Supreme Court of the State having affirmed this sentence, 30 So. Rep. 685, the case was brought here on writ of error.

The contention of plaintiffs in error is that they were denied the equal protection of the laws by reason of an actual discrimination against their race. The law of the State is not challenged but its administration is complained of. As said by their counsel :

" We do not contend that the colored men are discriminated against by any law of this State in the selection of names for jury duty, nor do we contend that a negro being tried for a criminal offence is entitled to a jury composed wholly or in part of members of his race; but do claim that when a negro is tried for a criminal offence he is entitled to a jury selected without any discrimination against his race on account of race, color or previous condition of servitude ; and when this is not the case, he is denied the equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States."

Such an actual discrimination is as potential in creating a denial of equality of rights as a discrimination made by law. But such an actual discrimination is not presumed. It must be proved or admitted. The record discloses these facts: On December 3, 1900, a grand jury was empanelled, and on December 5 returned an indictment charging the defendants with the crime of murder. On December 5 they filed a motion to quash the venire and the panels of the grand and petit jurors. In the motion it was stated that there were in the county as many colored citizens of sound judgment, approved integrity, fair character and fully qualified for jury duty as white, and stated as grounds for the motions " that the county commissioners, in selecting the lists of names for jury duty for and during the present year, discriminated against all colored men of African descent, on account of their race, color and previous condition of servitude, and from said lists were drawn the grand jury which found the indictment against these defendants and the petit jury which is to try them." And that " for many years

all colored men of African descent have been discriminated against, and none have been selected or drawn or summoned as grand or petit jurors in this or in any of the courts of this county, although there are more than fourteen hundred colored men in said county, a large number of whom are taxpayers, and of approved integrity, fair character, sound judgment and intelligence, well known to the county commissioners to be such, and this discrimination is based entirely on race, color and previous condition of servitude."

. On December 6 the State's attorney moved the court to strike out the defendants' motion on the grounds that it was impertinent, submitted nothing for the court's determination or consideration, was not such a motion as the court could consider, and set up no state of facts which, if true, would justify the quashing of the venire. On the same day this motion of the State's attorney was sustained, and the motion of the defendants to quash was stricken out. On the same day they filed a motion to quash the indictment on substantially the same grounds. This motion was overruled. Special venires were issued before the trial jury was finally empanelled, and as one by one these venires were returned the defendants challenged the array of jurors on the ground that the sheriff in the selection of jurors knowingly discriminated against all colored men, and refused and failed to select any to serve on the jury, although knowing that there were more than five hundred colored men in the county fully qualified to serve. No evidence was received or offered in support of any of these several motions except an affidavit of the defendants attached to the motion to quash the indictment, stating that the facts set up in the motion were true "to their best knowledge, information and belief." .

In respect to all these motions, except the one to quash the venire and panels of the grand and petit jurors, it is sufficient to refer to *Smith* v. *Mississippi*, 162 U. S. 592, 600 ; *Carter* v. *Texas*, 177 U. S. 442. In the first case the motion to quash was supported by an affidavit similar to the one here presented, and it was held no evidence of the facts stated, and that therefore the denial of the motion was not erroneous. In the second case the bill of exceptions showed that the defendant asked

leave to introduce witnesses and offered to introduce witnesses to prove the allegations in his motion, but that the court refused to hear any evidence in support of the motion, but overruled it without investigating into the truth or falsity of the allegations therein, and this was adjudged error.

We pass, therefore, to a consideration of the ruling on the first motion. No evidence was received or offered in its support, but the motion itself was stricken out, and it is contended that the motion to strike out was equivalent to a demurrer which admitted the truth of the allegations challenged thereby, and in support thereof *Neal* v. *Delaware*, 103 U. S. 370, and *Mitchell* v. *Clark*, 110 U. S. 633, are cited. But in the former case the court held that an agreement by the attorney general, appearing for the State, was to be regarded as an admission of the truth of the facts stated in the motion and therefore waived the necessity for further evidence; and in the second case there was only a distinct ruling upon a demurrer to a plea.

In reference to the action of the trial court in this matter the Supreme Court of the State said:

" The first motion filed by defendants was to quash the venire drawn for the term, and the panels of grand and petit jurors. The venire drawn for the term at that time consisted only of the grand and petit jurors then in attendance. In so far as the panel of petit jurors was concerned, the defendants had no right to move to quash that. It was summoned for the first week of the term only, and had and could have no connection whatever with defendants' case, because their case was not to be tried until a subsequent week, when another and different panel of petit jurors would be in attendance. The petit jury objected to had not been called to try defendants' case, and would not be, as their term of service would, under the law, expire long before defendants' case would be called for trial. The defendants had no right to challenge the array of petit jurors until their case was called for trial, and it was proposed to empanel upon the jury to try them some member of the objectionable panel.

" As to the grand jury, the defendants had no right at that time to move to quash the panel. If defendants could properly

move to quash the panel or challenge the array of grand jurors for the reasons stated in this motion, it could only be done before the grand jury was empanelled, or at least before the indictment was found. Whether it could be done in that way, we do not now decide. We are clear, however, that a motion to quash the panel of grand jurors by one who has been indicted by such jurors is not proper practice. *Gladden* v. *State*, 13 Florida, 623. As we shall show further on, a plea in abatement of the indictment is the proper remedy. We regard the ruling sustaining the motion to strike as equivalent to holding that the motion to quash was not the proper method of raising the question sought to be raised; and, while we do not approve of the practice of moving to strike a motion, we do not see that the defendants have been injured by the form of the ruling complained of.

\* \* \* \* \* \* \* \*

"We are of opinion that the proper method of presenting the question sought to be presented by this motion is by plea in abatement of the indictment, and not by motion to quash, and that the ruling upon the motion can be sustained upon that ground. It has for many years been the practice in this State, sanctioned by repeated rulings of this court, that all objections to the competency of, and to irregularities in selecting, drawing and empanelling grand jurors, not appearing of record, must be taken advantage of by plea in abatement of the indictment, and not by motion to quash it. *Woodward* v. *State*, 33 Florida, 508; *Kitrol* v. *State*, 9 Florida, 9; *Gladden* v. *State*, *supra*; *Tervin* v. *State*, 37 Florida, 396. See also *State* v. *Foster*, 9 Texas, 65."

The authorities cited in this opinion sustain the propositions laid down. In *Kitrol* v. *The State*, 9 Florida, 9, 13, it was said:

"We are, therefore, of the opinion that the incompetency of the grand jurors by whom indictment is preferred may be pleaded by the defendant in abatement."

In *Gladden* v. *The State*, 13 Florida, 623, 630, the court uses this language:

"In Massachusetts, New York and other States, it has been held that objections to the legality of the returns of grand

jurors cannot affect an indictment found by them after it has been received by the court and filed; that such objection must be interposed before indictment found, and even before the grand jury is sworn. But it seems to be now settled that such objection may be made by plea in abatement to the indictment at any time before pleading in bar. This is substantially the rule announced by the Supreme Court of this State in *Kitrol* v. *The State*, 9 Florida, 9. The opinion of the Supreme Court of Mississippi in *McQuillen* v. *The State*, 8 S. & M. 587, delivered by Chief Justice Sharkey, announces what we consider the true and correct practice in such a case. Such matters are reached by plea in abatement only, (though in some States a challenge to the array is treated, we do not say properly so, as a substitute for a plea in abatement) and matters in abatement in criminal as well as in civil cases must be pleaded before pleading in bar."

In *Burroughs* v. *The State*, 17 Florida, 643, 661, where the validity of the composition of the jury was sought to be challenged on a motion in arrest of judgment, the court said:

"Aside from the fact that there is no such bill of exceptions as is required to present any question of that character to this court, if it had been properly raised, we are of the opinion, that all objections to the legality of grand jurors must be made by plea in abatement to the indictment before pleading in bar. Such is the rule as announced by this court in *Gladden* v. *The State*, 13 Florida, 623."

The force of this decision is not weakened by what was said by the same court in *Potsdamer* v. *The State*, 17 Florida, 895, 897:

"The rule is that such objections must be taken by motion or plea in abatement before pleading to the indictment. It is not proper ground of a motion for a new trial " for *Gladden* v. *The State*, and *Burroughs* v. *The State*, are both cited as authority. What kind of a motion the Chief Justice had in mind when he spoke of "motion or plea in abatement" is not disclosed. At any rate, such a general statement cannot be considered as overruling prior decisions.

In *Tervin* v. *The State*, 37 Florida, 396, the ruling of the court was expressed in these words (p. 403):

"On the 25th of October, 1895, the defendant moved to quash the indictment and for his discharge upon the ground that 'there is nothing upon the records of this court to show that the grand jurors who found the indictment were drawn in accordance with chapter 1015 of the acts of the legislature of A. D., 1891.' This motion was overruled, and such ruling constitutes the fourth assignment of error. There is no merit in this assignment. If there was any such irregularity in the drawing or empanelling of the grand jury that found the indictment as would render such indictment void or illegal, the proper way to make it appear was by plea in abatement, instead of by motion to quash."

Neither is there anything in the cases referred to by counsel for plaintiff in error against this ruling. So we have not merely the declaration of the court in this particular case as to the practice to be observed, but a declaration supported by many prior decisions. Obviously it is the settled rule in the State.

These are all the matters called to our attention by counsel, and in them appearing no error, the judgment of the Supreme Court of Florida is

*Affirmed.*

MR. JUSTICE HARLAN did not hear the argument or take part in the decision of this case.