244 S.C. 102 (1964)
135 S.E.2d 713
Louis MOORER, Appellant,
v.
The STATE of South Carolina, Ellis C. MacDougall, Director of the Department of Corrections, State of South Carolina, and R.F. Goodman, Warden, South Carolina State Penitentiary, Respondents.
18190
Supreme Court of South Carolina.
March 30, 1964.
*103 *104 Messrs. Moore & Brown and Benjamin L. Cook, Jr., of Charleston, for Appellant.
*105 Messrs. Daniel R. McLeod, Attorney General, and Everett N. Brandon, Assistant Attorney General, of Columbia, and Julian S. Wolfe, Solicitor, of Orangeburg, for Respondents.
March 30, 1964.
TAYLOR, Chief Justice.
Appellant appeals from a denial of his writ of habeas corpus by the Honorable John Grimball, Judge of the Fifth Judicial Circuit.
On April 4, 1962, Louis Moorer, a Negro, was convicted of the offense of rape in the Court of General Sessions for Dorchester County and sentenced to death as provided by the laws of the State of South Carolina. The conviction and sentence were affirmed by this Court on January 21, 1963. State v. Moorer, 241 S.C. 487, 129 S.E. (2d) 330. Appellant served notice of intention to petition the Supreme Court of the United States for a writ of certiorari and for this purpose was granted a 90 day stay. The appeal to the United States Supreme Court was abandoned just prior to the expiration of the stay, and Appellant petitioned Judge Grimball for a writ of habeas corpus on May 14, 1963.
It was alleged in the petition that Moorer's constitutional rights had been violated in that Negroes had been systematically excluded by reason of their race from the Grand Jury which returned the indictment and from the Petit Jury before *106 which he was tried and convicted. It was also alleged that at the time of his arraignment on April 2, 1962, before the Court of General Sessions for Dorchester County, Moorer was not represented by counstl, advised of his right to be so represented, and that no counsel was appointed to represent him. It was further alleged that no record was made of the fact that he was arraigned and his plea to the indictment was not recorded and was not made a part of the record of his trial. This petition was denied, after a hearing, on May 17, 1963, and Appellant served notice of appeal. At a subsequent hearing to settle the record Judge Grimball, with the consent of all parties, directed that another hearing be held to determine if Appellant had a preliminary hearing prior to his trial and, if so, whether there were any grounds therein for relief under habeas corpus. This supplemental hearing was held on August 30, 1963, and Judge Grimball issued an Order holding Appellant had established no further grounds for the issuance of a writ of habeas corpus. This appeal is from both Orders of Judge Grimball.
The first question for determination raised by the exceptions is whether, as claimed by Appellant, Negroes have been systematically excluded by reason of their race from the Grand Jury and Petit Jury of Dorchester County. No motion was made at Appellant's trial on April 4, 1962, to quash the indictment returned by the Grand Jury or to quash the venire of Petit Jurors in attendance on the grounds that Negroes were systematically excluded by reason of their race from serving as jurors.
In State v. Waitus, 224 S.C. 12, 77 S.E. (2d) 256, and State v. Middleton, 207 S.C. 478, 36 S.E. (2d) 742, this Court reviewed the constitutional and statutory law of this State relating to the qualifications of jurors and the method of selecting them. Each juror is required to be a qualified male elector between the ages of 21 and 65 years and of good moral character. The Grand Jury shall consist of 18 members and the Petit Jury shall consist of 12 men *107 all of whom must agree to a verdict in order to render the same. Article 5, Section 22, Constitution of South Carolina. The term "qualified elector" means "registered elector." State v. Rector, 158 S.C. 212, 155 S.E. 385; State v. Grant, 199 S.C. 412, 19 S.E. (2d) 638; State v. Waitus, 224 S.C. 12, 77 S.E. (2d) 256.
Every registered male elector is a potential and duly qualified juror, and his name may be taken from the Registrations Books by the Jury Commission. State v. Waitus, 224 S.C. 12, 77 S.E. (2d) 256. The Jury Commissioners are Auditor, Treasurer, and Clerk of Court, Section 38-51, Code of Laws of South Carolina, 1962, and by statute they are required to prepare from the official enrollment books of qualified electors a list containing not less than two-thirds of the electors they deem qualified for jury duty. Section 38-52, Code of Laws of South Carolina, 1962. In Dorchester County, this list is prepared between March 1 and March 15 of each year. Section 38-52.2, Code of Laws of South Carolina, 1962. The Jury Commissioners are required by Section 38-55 to place the name of each person on said list on a separate sheet of paper, each paper to resemble the others as much as possible, and, after folding, to insert same in a container or capsule. These containers or capsules are then placed in what is known as a "jury box."
In this State it is only required that 12 new men be drawn once a year to serve as Grand Jurors and they, together with 6 hold-over members drawn by lot from the previous Grand Jury, constitute the Grand Jury for that year. Sections 38-401 to 38-405, Code of Laws of South Carolina, 1962. In Dorchester County prior to 1962, the Jury Commissioners were required to draw from the jury box 36 Petit Jurors to serve for each week the Court is in Session, Sections 38-61 and 38-61.1. In 1962, Section 38-61.1 was amended to require the Jury Commissioners of Dorchester County to draw 46 Petit Jurors.
*108 As stated in State v. Waitus, supra, 224 S.C. 12, 77 S.E. (2d) 256. "There is certainly no denial of the equal protection of the laws in any of the foregoing constitutional or statutory provisions. Franklin v. South Carolina, 218 U.S. 161, 30 S.Ct. 640, 54 L.Ed. 980; State v. Middleton, supra, 207 S.C. 478, 36 S.E. (2d) 742."
There are many U.S. Supreme Court decisions holding that discrimination on the basis of race in the selection of persons for service on Grand Jury or Petit Jury panels is in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. Norris v. State of Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074; Akins v. State of Texas, 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692; Cassell v. State of Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839. This does not mean that a jury must be composed of a certain proportion of a particular race in order to assure equal protection of the law. Proportion racial limitations is forbidden and inequality or disproportion in the jury finally selected does not in itself show discrimination. Akins v. State of Texas, supra, 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692. An accused is entitled to have the charges against him considered by a jury in the selection of which there has been neither inclusion nor exclusion because of race or color. Cassell v. State of Texas, supra, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839.
Discrimination in the selection of a jury must be proved; it cannot be presumed, Torrance v. State of Florida, 188 U.S. 519, 23 S.Ct. 402, 47 L.Ed. 572; and a defendant objecting to a Grand or Petit Jury because of alleged discrimination against his race has the burden of establishing such discrimination. Akins v. State of Texas, supra, 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692. However, a defendant may establish a prima facie case of discrimination in which case the burden shifts to the State to refute the discrimination and evidence that Negroes have never *109 served on a jury in the county has been held to make a prima facie case. Norris v. State of Alabama, supra, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074; Hill v. State of Texas, 316 U.S. 400, 62 S.Ct. 1159, 86 L.Ed. 1559; Patton v. State of Mississippi, 332 U.S. 463, 68 S.Ct. 184, 92 L.Ed. 76.
Whether there has been systematic racial discrimination by administrative officials in the selection of jurors is a question to be determined from the facts in each particular case, Patton v. State of Mississippi, 332 U.S. 463, 68 S.Ct. 184, 92 L.Ed. 76. However, discriminatory selection in prior years does not nullify a present conviction if the selection of the jury for the current term is on a proper basis. "Former errors cannot invalidate future trials." Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L. Ed. 469.
The Chairman of the Dorchester County Board of Registration testified that in 1962 there were approximately 3000 males between 21 and 65 registered of whom 2700 to 2800 were white and 250 to 300 were Negro. The Registration Books indicate race but not sex and no applicant has been denied the right to register on account of race. The Clerk of Court testified that when the jury list is prepared in March of each year a minimum of two-thirds of the eligible male electors is selected for the jury list and that well over two-thirds of the eligible Negro male voters are placed in the jury box. It is not possible to determine the name of a juror until the capsule is opened and examined as there is nothing thereon to indicate the race of the prospective juror. There were no Negroes on the Grand Jury in 1958, 1 in 1959, 1 in 1960, 2 in 1961 and 2 in 1962 when Appellant was indicted. Negroes were drawn on 5 of the 9 Petit Jury venires from April, 1958, through April, 1962, two serving on the April, 1962, venire at which term Appellant was tried. The testimony of the other 2 Jury Commissioners was substantially to the same effect.
*110 Appellant argues the facts show that only a token number of Negroes have been selected for jury service in Dorchester County. The evidenct in this case does not show there has been a systematic limitation or exclusion of Negroes from jury duty so as to deny Appellant the equal protection of the law. The testimony of all the witnesses rather than sustaining Appellant's allegations, affirmatively show there has been no discrimination by race in the selection of juries in Dorchester County. Appellant, therefore, has not met the burden of proof required of him.
Appellant, further contends that he was arraigned April 2, 1962, without the assistance of counsel and that no record was made thereof. The transcript reveals that W. Newton Pough, an attorney in good standing since 1952, was engaged to represent Moorer December 23, 1961, and that he represented Appellant through his trial and subsequent appeal to this Court along with present counsel who, by permission of this Court, entered the case only after appeal.
There appears to be some dispute as to whether Appellant was actually arraigned on April 2, 1962, and whether Appellant's attorney was present in Court on that date. The witness Appellant relies on is one of his present attorneys, and he positively testified that the trial attorney was not present in Court on April 2, 1962; but he could not recall whether Appellant entered a plea to the indictment. Judge Grimball in his Order of July 5, 1963, found that Appellant was arraigned on April 2, 1962, and that he pleaded not guilty at that time. Judge Grimball held that it was immaterial whether counsel was present on April 2, 1962, as it is uncontradicted that Appellant was arraigned in the presence of his counsel on April 4, 1962, and entered a plea of not guilty. Appellant takes the position that a proper arraignment on April 4, 1962, could not cure any defect in the arraignment of April 2, 1962.
An accused is entitled to the assistance of counsel at his arraignment which is a "critical stage" of the proceedings and failure to have such assistance is *111 reversible error even though no prejudice is shown. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L. Ed. (2d) 114. "However, even though arraignment of accused without the assistance of counsel renders the arraignment void, the error may be cured and the court may proceed to rearraign him after he has obtained counsel." 22 C. J.S. Criminal Law § 411 (2), p. 1125.
An accused was arraigned and entered a plea of not guilty without the benefit of counsel in Saylor v. Sanford, 5 Cir., 99 F. (2d) 605, certiorari denied 306 U.S. 630, 59 S.Ct. 465, 83 L.Ed. 1032. Thereafter counsel was appointed. It was held that empaneling of a Grand Jury, finding and return of indictment and other proceedings were not affected, but arraignment only was void; the Court still had jurisdiction to proceed.
In United States v. Stevenson, D.C., 170 F. Supp. 315, the accused, a minor, was arraigned without benefit of counsel. The Judge, after informing the accused that counsel would be appointed if an attorney failed to file a formal appearance, proceeded with the arraignment and permitted accused to plead not guilty. The District Court stated: "Even if the first arraignment should be held void, it would not follow that the Court is without jurisdiction to proceed after defendant has obtained counsel. Saylor v. Sanford, 5 Cir., 1938, 99 F. (2d) 605, certiorari denied 306 U.S. 630, 59 S.Ct. 465, 83 L.Ed. 1032. The remedy would be to re-arraign defendant, which in this case, in view of the defendant's not guilty plea, would serve no useful purpose."
We, therefore, conclude that the arraignment of Appellant on April 4, 1962, cured any error that may have occurred at an arraignment on April 2, 1962, and that Appellant was not prejudiced in any manner by being properly arraigned, subsequently, but prior to, the empaneling of the jury.
The remaining exceptions relate to Judge Grimball's findings that no preliminary hearing was held for Appellant and that none was requested.
*112 Appellant contends that a preliminary hearing was held before Magistrate H.H. Walters, Jr., on December 15, 1962, the day after his arrest. Magistrate Walters testified that he did not hold a preliminary hearing for Appellant and that no request for one was made to him. Appellant was brought before Magistrate Walters on December 15, 1962, the warrant read, the seriousness of the charge explained, and Moorer was advised he should have an attorney. No attorney representing Appellant was present at this time. He was further advised that bail was a matter for the Circuit Court, that the Court would appoint an attorney to represent him in the event he was unable to employ one, and that a preliminary hearing would be granted upon request. No testimony was taken or any evidence of any nature introduced. Appellant made no statement and offered no plea, and none was sought by the committing Magistrate Walters. Even so, in South Carolina a preliminary hearing is not a "critical stage" of the proceedings within the rule set forth in Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. (2d) 114; White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed. (2d) 193. State v. White, 243 S.C. 238, 133 S.E. (2d) 320.
Appellant was present at the habeas corpus hearing and presented no evidence that would indicate that a preliminary hearing was held.
For the foregoing reasons, we are of opinion that all exceptions should be overruled; and it is so ordered.
Affirmed.
MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.