**S. S. KRESGE CO. et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 19106.**

Court of Civil Appeals of Texas, Dallas.

Feb. 4, 1977.

Rehearing Denied March 3, 1977.

Robert L. Hoffman, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellants.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, for appellee.

ROBERTSON, Justice.

S. S. Kresge and its district manager, M. J. Talley, appeal from a permanent injunction enjoining them from selling certain commodities on the consecutive days of Saturday and Sunday as prohibited by Tex. Rev.Civ.Stat.Ann. art. 9001 (Vernon Supp. 1976). It is undisputed that on Saturday and Sunday (November 23 and November 24, 1974) the appellants sold items prohibited by the statute. However, they contend that: (1) the statute violates the due process clause of the U.S.Const. amend. XIV, § 2, and Tex.Const. art. 1, § 19; (2) the statute violates the equal protection clause of the U.S.Const. amend. XIV, § 2 and Tex.Const. art. 1, § 3; and (3) the trial court erred in instructing a verdict because there was some evidence of probative force that there was discriminatory enforcement of the statute against them in violation of the equal protection clause. We hold that Tex.Rev.Civ.Stat.Ann. art. 9001 (Vernon Supp.1976) does not violate either the federal or state constitution and that as a matter of law the appellants have not shown a discriminatory enforcement of the statute in violation of their constitutional rights.

Appellants contend the statute (article 9001) is in violation of the due process of law and equal protection guaranties of both the federal and state constitutions. We cannot agree. Recently, the Texas Supreme Court has reaffirmed the constitutionality of this statute while addressing the specific arguments raised herein. *Gibson Products Co., Inc. v. State of Texas*, 545 S.W.2d 128 (Tex.1976). Accordingly, we hold that there is no validity to this contention.

Appellants further argue that because there is some evidence showing a discriminatory enforcement of the statute in violation of the equal protection guaranties of the federal and state constitutions, the trial court erred in instructing a verdict and granting a permanent injunction enjoining them from selling the prohibited items on a consecutive Saturday and Sunday. The question before us is whether the appellants have presented some evidence showing a discriminatory enforcement of the statute or whether in view of the evidence presented the appellee is entitled to judgment as a matter of law.

The evidence shows that in the fall of 1974, immediately prior to the prosecution of appellants, appellants complained to the district attorney that competitors were open on Sunday in violation of the statute. Appellant Talley, in telephone conversation with Mr. Hagler, assistant district attorney responsible for enforcing the statute, reported violations by other stores specifically identifying them by name. In compliance with Hagler's request, Talley wrote a letter to the district attorney's office to that effect. When Talley received no response to his letter, his employer, Kresge, decided to open its suburban discount stores on the following Saturday and Sunday and informed the district attorney of this decision. Subsequently, the prosecution against appellants was initiated on the complaint of the manager of the Dallas Retail Merchants Association, which is composed almost exclusively of executives of downtown-oriented retailers. The informal complaint made by the manager of the association was accompanied by a signed affidavit from a private investigator swearing that he bought products from the appellants in violation of the statute.

Hagler testified that after initiation of this prosecution, the appellants secured numerous affidavits swearing to violations of the statute by other stores. However, the appellants specifically refused to allow the district attorney to use these affidavits in prosecution of those stores. Later, when Sanger-Harris Department Store filed with the district attorney an affidavit complaining of one of those stores' (Gibson Discount Center) violation of the statute, the district attorney then initiated prosecution. Hagler further testified that the inadequate man

power in the district attorney's office prohibited investigation by the district attorney of reports of violations made by individuals, and that the district attorney was forced to rely on those individuals personally investigating the violation and filing an affidavit to that effect. He also testified that in cases where affidavits were provided, the district attorney would initiate prosecution. In fact, the district attorney sought injunctive relief against Levitz Furniture Company in 1970 or 1971, against Gibson Discount Center in June 1975, and against Bob Fenn Apparel for Men in the same year.

■ It has been held that a mere failure to prosecute offenders is no basis for a finding of denial of equal protection under the Constitution. *Moss v. Hornig*, 314 F.2d 89, 92 (2d Cir. 1963). A party must show an intentional or purposeful discrimination in enforcement of a statute when showing that an unequal administration of the statute violates the equal protection clause of the federal constitution. *Snowden v. Hughes*, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1944). Because a discriminatory purpose is never presumed. *Tarrance v. State of Florida*, 188 U.S. 519, 520, 23 S.Ct. 402, 47 L.Ed. 572 (1903), a showing of clear intentional discrimination is required. *Gundling v. City of Chicago*, 177 U.S. 183, 186, 20 S.Ct. 633, 44 L.Ed. 725 (1900). In *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), the Court rejected a contention that selective enforcement of a penal statute against certain habitual offenders was a denial of the equal protection guaranty under the Constitution and held that the conscious exercise of some selectivity in enforcement is not in itself a federal constitution violation. In *Super X Drugs of Texas, Inc. v. State*, 505 S.W.2d 333 (Tex. Civ.App.—Houston [14th Dist.] 1974, no writ), a similar standard of proof was adopted. The court stated that more than mere unequal application of a state statute must be shown to prove a violation of the equal protection guaranties of the federal constitution, and a showing of actual and purposeful discrimination against the individual himself or against a suspect classification in which he fell (such as wealth, religion, race, etc.) is required.

Appellants cite *People v. Acme Markets Inc.*, 37 N.Y.2d 326, 372 N.Y.S.2d 590, 334 N.E.2d 555 (1975) and contend that it should be controlling in this jurisdiction. In that case, the evidence showed that prosecutions for violation of the State Sunday sales law was limited to cases in which complaints were filed by the officials of a local labor union. The majority of that court reasoned that enforcement of the law had been totally surrendered to private parties and interest groups with the ability to manipulate the law for purely private purposes. Consequently, the court held that the constitutional rights of the food supermarkets were violated because there was open discrimination and harassment of one group by another. Because the power and prestige of the district attorney was given to the union's campaign, the court held that the union's actions became those of the State and resulted in a violation of the equal protection guaranty of the federal constitution.

■ We are more persuaded by the dissenting opinion in that case which took the view that the motivation of a private party in filing a complaint is not necessarily imputed to the district attorney when he enforces the statute by prosecution. Although the private party may be motivated by selfish interest, this in itself is not a denial of equal protection under the Constitution. To establish a denial of equal protection, it must be shown that the State itself was enforcing the statute not only for the purpose of executing legislative intent, but also for the purpose of discrimination. We agree with this rationale and decline to follow the holding of the *Acme Markets* case.

■ Also, Tex.Rev.Civ.Stat.Ann. art. 9001, § 4 (Vernon Supp.1976), is distinguishable from the New York Penal Statute. This statute permits any person to obtain injunctive relief in addition to its penal provisions. Whereas, the New York Statute provides only that a violation is punish-

able as a misdemeanor. The Texas Statute does not give the district attorney the specific responsibility for enforcing the statute by securing injunctions. The Retail Merchants Association could have filed for injunctive relief itself although it chose not to do so. The record does not reveal the motivation of the association in filing the complaint. Whatever its motivation might have been, we do not agree that it is automatically imputed to the State. The assistant district attorney testified that a shortage of man power required him to rely upon complaints from private parties as a source of prosecution. No evidence was presented showing that the district attorney had any other motivation to enforce the statute than that of attempting to carry out the intent of the legislature. He testified that he would prosecute all complaints filed including those of the appellant. Thus, the record does not reveal purposeful discrimination on the part of the State which is required to sustain an allegation of a denial of equal protection under our constitutions. Accordingly, we hold that the trial court was correct in instructing a verdict and granting a permanent injunction since the appellants failed to establish a defense of purposeful discrimination.

Accordingly, we affirm the judgment of the trial court.