## MELVIN BERTIE HICKS V. STATE.

No. 25854. May 7, 1952.
Rehearing Denied June 18, 1952.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) October 15, 1952.

**46**

*Leo Darley,* Uvalde, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted of a charge of driving an automobile on a certain public road in Uvalde County while intoxicated, and was assessed a penalty of $50.00.

The evidence amply sustains the conviction and requires no discussion. Great stress is laid, in the appeal, on the use of the word "certain" in the complaint and information. In the construction of the sentence in which it is found, the word neither adds to nor detracts from the meaning which it would have if the word "certain" had not appeared. The objection need not be considered.

Nine bills of exception appear in the record.

Bill No. 1 raises a question as to the right of the officers to arrest appellant without a warrant. The officers testified that they saw him zig-zagging in the highway and became suspicious. When they approached him they smelled whisky. He was taken in charge and the jury found, under the evidence, that he was intoxicated. Their finding disposes of the issue.

The other eight bills complain of alleged misconduct of the jury in considering the case. The state has raised an objection to the consideration of these bills because they are not fully in compliance with the law. We have considered the evidence introduced on the motion for a new trial and it is our conclusion that the testimony of the only jurors, three in number, who testified in the case wholly fails to support the allegations in the motion.

We find no reversible error and the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant contends that we misconstrued the tenor of his Bill of Exception No. 1. He says that it raised a question of due process.

The witnesses whose testimony is complained of in the bill testified to the fact of appellant's intoxication. They had occasion to observe him after arrest and while he was in the custody of the officers.

The appellant objected to such testimony on the grounds that, immediately upon being arrested at 1:30 in the morning, he had demanded that he be taken before a magistrate, and he contends that no one should be permitted to testify as to anything that happened or anything they observed after such demand had been made.

Whether appellant was or was not under arrest, or had or had not been carried before a magistrate, could not have altered or affected the testimony of the witnesses, because the facts to which they testified were not based upon or obtained as a result of appellant's arrest or incarceration.

It is elemental to observe that, had the appellant been carried before a magistrate and released on bond, witnesses who observed his state of intoxication as he left the office of the magistrate would have been authorized to testify concerning his condition. The same would be true if he had been sent to jail and the witnesses had observed him there.

Appellant's remaining bills of exception relate, in one way or another, to jury misconduct in that it is alleged that, while deliberating, they discussed matters not in evidence.

Appellant's motion for new trial was sworn to by himself and his attorney.

Recently, in Allala v. State, No. 25,837, 157 Texas Crim. Rep. 458, 250 S. W. 2d 207, we had occasion to review our hold-

ings in Ramirez v. State, 156 Texas Crim. Rep., 262, 240 S. W. (2d) 322; Boone v. State, 156 Texas Crim. Rep., 327, 242 S. W. (2d) 380; Vowell v. State, 156 Texas Crim. Rep., 493, 244 S. W. (2d) 214; and Jackson v. State, 157 Texas Crim. Rep., 323, 248 S. W. (2d) 748.

The rule therein expressed is that a motion alleging jury misconduct, which occurred within the jury room, is insufficient as a pleading when not supported by the affidavit of a person who was in a position to know the facts; and that, where the court proceeded to hear evidence, his action in overruling the motion at any stage of the proceedings could not be assigned as error.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.