ERBERT BAILEY V. STATE

No. 31,618. March 2, 1960

Motion for Rehearing Overruled April 6, 1960

*Allen Harp,* Childress, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge

The offense is the sale of whisky in a dry area; the punishment, a fine of $400.00. The information was in two counts, each charging a sale on different days to Henry John Cox.

The sole question presented is whether the sale was made to Cox, the inspector of the Texas Liquor Control Board, as alleged, or to his informer Williams. Cox was unknown in the community and was acting undercover. Williams knew appellant. They went to appellant's house together. We quote from Cox's testimony.

"Q. Mr. Cox, may I ask this question? Who made the request for the pint of whisky? A. Williams did.

"Q. What did Mr. Bailey say, if anything? A. He said, 'Yes'.

"Q. Then, what happened? A. He reached under the bed and withdrew a pint of Old Crow whiskey, and he then handed

it to Williams. Williams then handed the bottle of whiskey to me, and I withdrew a $5.00 bill from my billfold and offered the money to him.

"Q. Now, to whom, Mr. Cox? A. Offered it to Mr. Bailey. He said, 'No. No. Don't pay me. Hand the money to Williams. Let him give it to me.' So, I, in turn, handed the money to Bailey.

"Q. Then what happened, if you know? A. We just made casual remarks for about, I would say, a half a minute, and then, we left."

As to the second transaction, Cox's testimony is practically the same.

Appellant relies upon the following quotation from Boggus v. State, 111 Tex. Cr. Rep. 400, 13 S.W. 2d 109.

"The sale, in contemplation of the criminal law, was to the parties present, to whom the liquor was delivered and by whom it was paid for, and not the sheriff who furnished the money."

In Boggus, the sheriff was not present, nor was his name mentioned in the transaction. He had only furnished the money to the man who was named in the indictment as the purchaser. Boggus was affirmed.

Further reliance is had upon Cunningham v. State, 118 Tex. Cr. Rep. 235, 40 S.W. 2d 132. In that case, the indictment charged a sale to two men, whereas the proof showed that the only connection one of the men had with the transaction was to drink some of the liquor. Such holding has no application to the facts here presented.

We have concluded that Lopez v. State, 84 Tex. Cr. Rep. 422, 208 S.W. 167, is here controlling. In that case, Pena, Pancho and appellant had an illicit liquor transaction. The indictment charged a sale to Pena. Pena gave the money to Pancho, and Pancho handed it to appellant. Lopez was affirmed.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.