Howard CLIFTON, Appellant,

v.

STATE of Texas, Appellee.

No. 32104.

Court of Criminal Appeals of Texas.

June 25, 1960.

On Motion for Rehearing Oct. 26, 1960.

Wm. C. Parker and G. C. Harris, Greenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for unlawfully selling whiskey in a dry area; the punishment, 6 months in jail and a fine of $500.

The information alleged a sale of whiskey by the appellant to one Wallace N. Colburn.

Colburn, an inspector for the Texas Liquor Control Board testified that on the night in question, in company with Agent Jernigan and an informer whose name he did not know, he went to an address at 4510 Houston Street in the City of Greenville; that when they arrived he and the informer got out of the car, went to the back door of the house and after ringing the door bell, the appellant came to the door; that he then asked appellant for some whiskey to which appellant replied "he didn't know me"; that appellant then disappeared in the house and returned with a pint bottle of Old Crow Whiskey; that he (the witness) reached in his pocket, got out some money and appellant then said he didn't want to take the money from him; that he then asked appellant if it would be all right if he took it from the man with him and he then handed the informer a $5 bill who in turn handed the money to appellant; that appellant then stated "I'm going to play it safe, I'm going to break the seal on the bottle before I give it to you." and then proceeded to break the seal and hand the pint of whiskey to Colburn.

It was stipulated that Hunt County was a dry area.

Appellant did not testify or offer any evidence in his behalf.

We find the evidence sufficient to sustain the conviction and overrule appellant's contention that the proof does not show a sale of whiskey to the witness Colburn as alleged in the information.

The evidence is undisputed that appellant delivered the whiskey to Inspector Colburn after Colburn gave the money to the informer who in turn handed it to the appellant. Such proof was sufficient to show a sale of the whiskey by the appellant to Colburn as charged in the information. See Lopez v. State, 84 Tex.Cr.R. 442, 208 S.W. 167 and Bailey v. State, Tex.Cr.App., 333 S.W.2d 365.

 Appellant complains of the court's action in overruling his amended motion for new trial which alleged jury misconduct during the jury's deliberation in the case. The motion was sworn to by appellant but was not supported by affidavit of any juror or other person in the position to know the facts. Such a motion has been held to be insufficient; hence no error is shown. Hicks v. State, 158 Tex.Cr.R. 45, 251 S.W.2d 409; Brown v. State, 160 Tex.Cr.R. 150, 267 S.W.2d 819; Roberson v. State, 160 Tex.Cr.R. 381, 271 S.W.2d 663.

Finding no reversible error, the judgment is affirmed.

Opinion Approved by the Court.

On Appellant's Motion for Rehearing

Rehearing denied.

DAVIDSON, Judge (dissenting).

My brethren overrule appellant's motion for rehearing without written opinion.

To that disposition of the case I do not agree. I am convinced that this record definitely reflects misconduct on the part of members of the jury during deliberations, in positive violation of Sec. 7 of Art. 753, Vernon's Ann.C.C.P., to appellant's injury, especially in the punishment here assessed.

In my dissenting opinion in Burris v. State, 161 Tex.Cr.R. 210, 276 S.W.2d 260, at page 266, I expressed my view that when a trial court entertains a motion for new trial and hears the evidence in support thereof any technicality in the drafting of the motion is waived and this court has no authority or power to refuse consideration of the question presented for review, which question was before the trial court and upon which he acted.

I remain convinced not only of the correctness of the position I took in the Burris case but also of the fundamental fairness of such position.

I dissent.