WILLIAM WITT V. STATE

No. 32,621. December 27, 1960

No attorney for appellant of record on appeal.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is felony theft; the punishment, 2 years.

T. G. Millican, the injured party, testified that he lived on a farm which he operated some seven miles west of Conway in Carson County; that in November, 1958, he purchased a set of Hesston four-row Crop Savers attachments for $560 which he installed on his combine; that after using the equipment for a short time he stored the combine and the attachments in a neighbor's shed; that in September, 1959, he took the combine out of the shed for wheat harvest, after removing the attachments and leaving them in the shed; that when he returned to the shed around November 1st he discovered that the attachments were gone. He testified that he next saw the attachments on a combine in a field between Tahoka and Post and was able to identify the same as his property by a missing finger on the equipment, the weld on a brace, and an offset hole which he had bored in the brace.

It was further shown that the attachments identified by Millican as his property were on a combine belonging to one Troy Keller and had been placed on the combine by appellant in the month of September, 1959, on a lease basis with Keller. It was

further shown that the injured party had given no one, including the appellant, consent to take the attachments from the shed where they were stored, and that the attachments had a cash market value in excess of $50.00.

Appellant did not testify, and no brief has been filed in his behalf. Appellant sought a new trial on the grounds of newly discovered evidence and jury misconduct.

We find no error in the court's action in overruling the same.

The alleged newly discovered evidence would have only tended to impeach the testimony of the injured party with reference to his identification of the stolen property and was not such as to warrant the granting of a new trial. Cooper v. State, 108 Tex. Cr. Rep. 226, 280 S. W. 597, and Jones v. State, 133 Tex. Cr. Rep. 322, 110 S. W. 2d 571.

The jury misconduct alleged in the motion for new trial was that the jury during its deliberation discussed the appellant's failure to testify. The motion was not supported by the affidavit of any juror or other person in a positon to know the facts. Such a motion has been held insufficient, hence the court did not err in overruling the same. See Clifton v. State, No. 32,104, (page 245 this volume) 339 S.W. 2d 902.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.