### JAMES EDWARDS V. STATE

No. 32,997. March 8, 1961

Motion for Rehearing Overruled April 12, 1961

*Neal Wheeler,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Thomas B. Thorpe, William F. Tucker, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

Rape is the offense; the punishment, death.

The prosecutrix, 32 years of age, lived in the city of Dallas with her two young sons and was employed as a waitress at a local hotel.

Upon being called as a witness by the state, the prosecutrix testified that, on the night in question, as she was walking home after getting off a bus, an automobile drove up to the curb and stopped; that a Negro man, whom she positively identified as the appellant, got out of the automobile, ran to her and, as she started to run, knocked her down; that when she screamed appellant, who had a knife in his hand, said, "If you don't shut up, I'll kill you"; that appellant then dragged her from the ground, pushed her into the automobile, made her lie down in the front seat with her head in his lap, and put his hand on her shoulder, while still holding the knife; that appellant then drove off, saying a white

man had paid him to pick her up and take her to him; that, after appellant had driven out of the city, he stopped the automobile and said, "The s. o. b." wasn't there; that she begged appellant to take her back to Dallas and appellant said he would because "he didn't want to get caught with a white woman in his car"; that appellant then started driving and, as he turned off the road, said, "I've just decided I'm going to have some of that white stuff myself," and, about this time, the automobile slipped into the ditch; that appellant, after getting a gun out of the glove compartment, got out of the automobile and told her to get in the back seat and "be quiet and do what he said"; that appellant then took two floor mats out of the car which he used in attempting to get the car out of the ditch; that a car then drove up and stopped but prosecutrix did not call out because she was afraid; that, after the car drove off, appellant left, carrying the gun and knife, to go to a farm house to secure help; that no other cars passed while appellant was gone and, after several minutes, appellant returned to the automobile, saying he could not arouse anyone; that appellant then left to go to another house for help, and no cars passed while he was gone; that appellant returned the second time and said a man was coming and showed her the gun, saying, "You better get down on the floor when he comes, and you hadn't better make any noise, because if you do, I'll kill you and him both"; that soon thereafter a man came and helped appellant remove the automobile from the ditch. The prosecutrix testified that appellant then started the automobile and, after driving some distance, stopped, crawled over into the back seat, and said, "You've had it," "I didn't go through all this for nothing," and, while holding the knife in his teeth, proceeded to have sexual intercourse with her without her consent. The prosecutrix testified that, after completing the act, appellant wiped himself off with a rag, threw the rag on the floor, and said, "It was better than any colored woman," and then drove back to the city and let her out in the vicinity of where she was first accosted. She further testified that throughout the ordeal she was afraid appellant would kill her; that when she arrived home she was too scared to call the police but called them the next day, when she reported her experience to Captain Will Fritz of the Dallas Police Department. The prosecutrix stated that, on the night in question, appellant was wearing a tan colored shirt with a Mobil emblem and what appeared to be service station clothing.

Captain Fritz testified that, after he had talked to the prosecutrix, at which time she appeared highly nervous, he started an investigation of the case; that in the investigation the officers,

two days later, went to a location where a car had been in a ditch and found a floor mat in the mud; that later, in company with three detectives, he went to a Mobil service station looking for an automobile of a certain description; that when he arrived he asked the operator of the station for permission to check the car and the operator said, "All right"; that he then went inside to where an automobile was on the wash rack and the appellant was standing nearby doing something to the car; that appellant said the automobile belonged to him and, when asked to open the trunk, said he couldn't because the lock was off and appeared startled and very nervous. Captain Fritz testified that he thereupon placed appellant under arrest and proceeded to search the car. It was shown that, prior to appellant's arrest, Officer Dhority removed from the car a fully loaded .38 calibre pistol which he observed lying on the front seat wrapped in a pink rag. In the search of the automobile, following appellant's arrest, the officers found a paring knife between the cushions of the front seat, a shop rag on the back floor board, and a shovel in the turtle of the car. The pistol and other articles found in the automobile were identified by the prosecutrix as similar to those seen by her on the night in question and were introduced in evidence by the state.

An examination of the rag found on the floor board of the automobile by Chemist Louie L. Anderson disclosed the presence of semenal stains and spermatozoa thereon.

Testifying as a witness in his own behalf, appellant admitted forcing the prosecutrix into his automobile on the night in question and offering her $50.00 for a date, which she refused, but denied having intercourse with her.

We first overrule appellant's contention that the evidence is insufficient to sustain the conviction.

The court submitted the issue of appellant's guilt to the jury upon their finding that he did make an assault upon the prosecutrix and by force or threats or by a combination thereof did ravish and have carnal knowledge of her without her consent.

The jury had the opportunity to observe the prosecutrix while she was testifying as a witness. She swore positively that appellant had carnal knowledge of her without her consent. In describing appellant's acts and conduct, she related how appellant, while exhibiting the pistol and knife, threatened her life

and, in describing her feelings in the transaction, testified: "I was scared from the start," "I was shaking and crying and scared," "I was afraid all along he was going to kill me." Appellant denied any act of sexual intercourse, and the jury had an equal opportunity to observe him while testifying as a witness in his own behalf.

The jury were the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given their testimony. By its verdict, the jury chose to accept the testimony of the state's witnesses and reject that of appellant, and the evidence is sufficient to sustain its verdict.

Appellant contends that the court erred in admitting in evidence State's Exhibits Nos. 2, 9 and 10, which were the pistol, cartridges and shovel found in appellant's automobile, over his objection they were obtained as the result of an illegal search. Appellant insists that because the officers had no warrant for his arrest or search warrant for the automobile the articles were secured as the result of an illegal search. Under the facts, the search of appellant's automobile is shown to be authorized as incident to his lawful arrest. Captain Fritz testified that, before going to the service station, he had ascertained from talking with the prosecutrix that a rape had been committed and was given a description of the person who committed it and a description of the automobile used in committing the offense. He stated that he also had information from the prosecutrix that the trunk lid of the automobile was broken and would not open and that a gun was carried in the automobile wrapped in an orange cloth. Captain Fritz stated that he did not arrest appellant until after he had asked appellant to open the trunk and appellant replied that he could not because the lock was off and, at such time, appeared startled and nervous. He further testified that it was not until after he had ascertained that both appellant and the automobile fit the description given him that he arrested the appellant. He further testified that, at such time, he did not have time to secure a warrant of arrest and had reason to believe that appellant was a felon and would escape. Under such facts, appellant's arrest without a warrant was lawful under the provisions of Article 215, V.A.C.C.P.; Ware v. State, 151 Tex. Cr. R. 228, 207 S.W. 2d 868; and Stickney v. State, 169 Tex. Cr. R. 533, 336 S.W. 2d 133. Under such facts, the arrest af appellant without a warrant was also authorized under Ordinance No. 4290 of the City of Dallas, which was introduced in evidence by the state and reads, in part, as follows: "All policemen in the City of Dallas, in the exercise of sound discretion, may arrest without a warrant there-

for, * * * any person or persons found under circumstances reasonably tending to show that such person or persons has been guilty of some felony * * * ." Article 214, V.A.C.C.P.; French v. State, 162 Tex. Cr. R. 48, 284 S.W. 2d 359.

Appellant next insists that the court erred in permitting the prosecutrix to express the opinion that, from what appellant had told her and the manner in which he had talked, she believed that he was capable of using the gun which he took from the glove compartment of the automobile. It is appellant's contention that such was inadmissible because it was a mere expression of opinion of the prosecutrix as to appellant's intentions. With such contentions, we do not agree. The witness was merely testifying as to her feelings in the matter. It is the rule that the statement of an effect produced upon the mind becomes primary evidence, and admissible, when the matter cannot be reproduced and made palpable in the concrete. Marta v. State, 81 Tex. Cr. R. 135, 193 S.W. 323.

We overrule appellant's contention that the court erred in permitting the prosecutrix to demonstrate before the jury how appellant held the knife to her face as they were driving out of the city. It is the rule that a trial court may, in its discretion, permit a witness to illustrate his testimony by the use of a physical object to the jury. See 44 Tex. Jur., Witness, sec. 120, p. 1097. In the instant case, the prosecutrix used a pencil in illustrating her testimony.

Appellant's remaining contention is that the jury's verdict is based upon over-zealous conduct on the part of state's counsel in prosecution of the case. We have carefully considered the record and find no conduct on the part of State's counsel which would call for a reversal of the conviction.

The judgment is affirmed.

Opinion approved by the Court.