**Orbie Elmer OLIVER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40168.**

Court of Criminal Appeals of Texas.

April 12, 1967.

Rehearing Denied May 24, 1967.

Freddie F. Lee, Pasadena, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James I. Smith, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for statutory rape; the punishment, ninety-nine years.

Trial was prior to January 1, 1966, under the 1925 Code of Criminal Procedure.

It was shown by the state's testimony that on the date alleged, the eleven-year-old prosecutrix and her twelve-year-old cousin went to a school carnival some block and a half from her home, in the city of Houston. While at the carnival the prosecutrix became angered and left to go home, between 8 and 8:15 p. m., when a playmate knocked a snowcone from her hand. As she was walking toward her home she saw a man near a car parked in front of a driveway of a telephone building. A street light a little distance from the building made it possible to distinguish objects at the location. She kept walking and the man tapped her on the shoulder and asked where the nearest service station was. After she told him and continued walking, he grabbed her arm, put his hand over her mouth, struck her on the left side of the face, and pulled her to the car. He then threw her in the car to the front floorboard and told her to hide her face. Then he started the car and drove around but returned to the same location, and parked. She was told to get in the back seat. After she got in the back seat he told her to take off her panties. She took off her panties and he then proceeded to tie her hands with some rope. The man kept saying: " 'Don't excite me or I'll kill you.' " He also picked up a knife and, while holding it to her throat, said: " 'If you make a sound I'll slash you.' " The prosecutrix was then blindfolded and the man got on top of her and placed his male organ in her sexual parts. In her testimony the prosecutrix described three acts of sexual intercourse with the man and also two acts of sodomy. One act of sodomy she was forced to commit and the other act he committed upon her. After the acts were completed and her blindfold had been

taken off, the man exhibited a gun in her face and she was let out of the car to go home.

The testimony shows that the prosecutrix arrived home around 8:30 p. m. in a hysterical condition and could only tell her mother that a man caught her and " 'he did horrible things to me.' "

The prosecutrix was immediately taken to Methodist Hospital, where she was examined by Dr. Hiram P. Arnold. Dr. Arnold testified that the child's hymenal ring and vagina had been penetrated, that there was blood in the vicinity of the vaginal opening, and that he found sperm in her vagina. He expressed the opinion that she had been recently subjected to sexual intercourse.

A description of the man and the automobile was given by prosecutrix to the officers. She related that the man was heavy-set, needed a shave, and was wearing a brown leather jacket. She described the car as an old black car with the upholstery tearing apart and a window broken on the passenger's side.

On the morning after the assault, the prosecutrix, in company with her father and her mother and certain officers, went to a service station where she identified an old '47 or '48 black Chevrolet automobile belonging to appellant as the car in which she was assaulted. A brown leather jacket and an Army jacket were lying on the back seat of the car. She also identified the appellant, who was working at the station, as the man who had assaulted her. At the time, she asked to hear him speak. Appellant was placed under arrest and taken to the police station, where she again identified him in a police lineup.

At the trial the prosecutrix positively identified appellant as the man who had raped her.

Officers called by the state testified that, following his arrest, appellant gave his permission for them to go to the service station and get the work clothes he had

worn the day before and also gave his oral consent for them to search his car.

The clothes were obtained from the station and certain articles were obtained from the car, including the Army jacket lying on the back seat.

A hair found on the jacket, when examined by the police chemist, was found to be identical, in all characteristics, with a hair from prosecutrix's head. Also a hair found on the blouse which the prosecutrix wore on the night in question compared in every respect with a pubic hair which appellant gave to the police after his arrest.

Appellant did not testify before the jury but called witnesses, including his mother, who testified in support of a defense of alibi.

The jury, by their verdict, rejected appellant's defense, and we find the evidence sufficient to support the conviction.

■ We overrule appellant's contention that the evidence is insufficient to establish his identity as the person who committed the offense. The positive identification of appellant by the prosecutrix as the guilty party was sufficient. Her credibility as a witness was for the jury. Cook v. State, 88 Tex.Cr.R. 659, 228 S.W. 213.

We also overrule appellant's contention that the court erred in admitting evidence of the search of the automobile and the fruits thereof because the search was illegal following an unlawful arrest without a warrant.

The officers testified that after his arrest, appellant was duly warned of his constitutional rights against self-incrimination.

■ At a hearing in the absence of the jury, the officers swore that appellant gave his oral consent to a search of the automobile. Appellant denied that he gave such consent.

The trial court found that consent was given by appellant.

No request was made by appellant to have the issue submitted to the jury. Under the record the court did not err in admitting the evidence. Feather v. State, 169 Tex. Cr.R. 334, 333 S.W.2d 851; Phelper v. State, Tex.Cr.App., 396 S.W.2d 396.

■ Nor do we agree that appellant's arrest without a warrant was unlawful. The record reflects that just prior to his arrest at the service station, appellant was pointed out and identified by the prosecutrix as the man who had raped her.

Officer David DeLatore testified that before the arrest appellant's face lost color and became pale when he looked at the prosecutrix. He further swore that the officers did not have time to secure a warrant of arrest for appellant and that "We feared he may escape. [sic]."

Under such facts and circumstances, appellant's arrest without a warrant was authorized by Art. 215, Vernon's Ann.C.C. P. (now Art. 14.04), in force at the time. Stickney v. State, 169 Tex.Cr.R. 533, 336 S.W.2d 133; Edwards v. State, 171 Tex. Cr.R. 70, 344 S.W.2d 687.

The judgment is affirmed.

ONION, J., not participating.