Elmer BRANCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 42306.

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

after demanding and taking money she had in her coin purse and threatening to repeat his act, finally drove away. She immediately ran to her son's home and reported the matter. She described her assailant as being a young Negro man, wearing dark trousers and tennis shoes. Her son relayed the information to the sheriff by telephone and told the sheriff that the suspect was believed to be in an automobile headed toward Vernon.

The sheriff immediately alerted all officers in the area by radio, requesting them to stop any car containing colored subjects coming into Vernon from the north. Within minutes a vehicle driven by appellant pulled into a service station on the north side of Vernon. Police officers of the City of Vernon observed that he was wearing tennis shoes and dark trousers which were unzipped, and detained him until other officers arrived.

The tennis shoes worn by appellant were compared with the footprints found near the house in which the offense was committed and they matched.

The first ground of error complains that the conviction is void because of jury misconduct in that during their deliberation one of the jurors "quoted scripture from the Bible to other jurors.

The second ground of error complains that the court erred by failing to grant appellant's motion to subpoena certain jurors to prove the alleged jury misconduct.

J. G. Souris, Vernon, for appellant.

Bill Neal, Dist. Atty., Vernon, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is rape by force; the punishment, death.

The record reflects that the victim, a widow, lived alone some twelve miles north of Vernon and a distance of about two blocks from the home of her son. Testifying at the trial she positively identified appellant as the Negro man who, about 2 A.M., after gaining entrance into her house through a window, by force ravished and had sexual intercourse with her, and

■ We find no merit in these grounds of error, first because the allegations if proved would not constitute ground for reversal and second, because such allegations were not supported by affidavit of one in position to know what transpired in the jury room during the deliberations of the jury, hence was insufficient as a pleading. Johnston v. State, Tex.Cr.App., 396 S.W.2d 404, cert. denied, 384 U.S. 1024, 86 S.Ct. 1976, 16 L.Ed.2d 1029; Clifton v. State, 170 Tex.Cr.R. 245, 339 S.W.2d 902; Roberson v. State, 160

Tex.Cr.R. 381, 271 S.W.2d 663; Brown v. State, 160 Tex.Cr.R. 150, 267 S.W.2d 819; Vowell v. State, 156 Tex.Cr.R. 493, 244 S.W.2d 214; Hicks v. State, 158 Tex.Cr.R. 45, 251 S.W.2d 409.

■ Ground of error No. 3 presents the contention that the judgment of conviction with punishment assessed at death violates the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States; and poses the question of whether capital punishment inflicted as a punishment for "a crime less than murder" constitutes cruel and unusual punishment within the meaning of the Eighth Amendment, and whether when inflicted in a rape case involving a Negro defendant and a Caucasian ·complaining witness such a defendant has been deprived of equal protection of law under the provisions of the Fifth, Eighth and Fourteenth Amendments.

Appellant relies upon the dissenting opinion in Rudolph v. Alabama, 375 U.S. 889, 84 S.Ct. 155, 11 L.Ed.2d 119, but concedes that this court has held that death in a rape case does not constitute cruel and unusual punishment and is not unconstitutional. Siros v. State, Tex.Cr.App., 399 S.W.2d 547.

Ground of error No. 3 is overruled.

The fourth ground of error presents the contention that the constitutional right of appellant to an impartial jury was violated in that the prosecution was permitted to challenge for cause "all prospective jurors who stated that they were opposed to capital punishment or had conscientious scruples against imposing the death penalty."

Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, is cited and relied upon.

■ The voir dire examination of the prospective jurors does not support the ground of error. All of the jurors excused because of scruples in regard to inflicting the death penalty answered that they could not vote for the death penalty regardless of what the circumstances were or however terrible the crime might be, or words of similar import.

The juror Meers, part of whose voir dire is set out in appellant's argument under this ground of error, was excused for reasons other than his attitude toward capital punishment, appellant's counsel stating: "It is agreeable with us."

We find no violation of the rule announced by the Supreme Court in Witherspoon v. Illinois, supra. · The jury appears to have been selected in a manner consistent with the Texas rule set out in Pittman v. State, Tex.Cr.App., 434 S.W.2d 352, and Scott v. State, Tex.Cr.App., 434 S.W.2d 678.

Ground of error No. 4 is overruled.

The fifth ground of error complains of the overruling of appellant's motion "to suppress or limit evidence seized as a result of illegal arrest."

■ The arrest claimed to be illegal was the detention and subsequent arrest of appellant. The evidence claimed to have been unlawfully seized is the tennis shoes appellant was wearing.

The officer had no warrant and no time to obtain a warrant. The identity of the suspect was not known. The officer who detained appellant some 15 minutes after he left his victim did so at the request of the sheriff who had information that the suspect, a Negro man wearing tennis shoes, was in a car believed to be headed toward Vernon.

Art. 14.04 Vernon's Ann.C.C.P. reads as follows:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant,

such peace officer may, without warrant, pursue and arrest the accused."

Appellant points up the fact that the arresting officers did not have a description of the suspect or his vehicle, and therefore, he contends that the officers did not have sufficient probable cause to make the arrest.

The officer receiving the report of the rape observed appellant as he stepped from his car and noticed that his trousers were unzipped.

■ If the requesting officer is in possession of sufficient knowledge to constitute probable cause, he need not detail such knowledge to the arresting officer. Weeks v. State, Tex.Cr.App., 417 S.W.2d 716, cert. denied, 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494.

In the light of these circumstances, the officers had probable cause to arrest the suspect. Johnson v. State, Tex.Cr.App., 436 S.W.2d 906.

The arrest without warrant under the circumstances was not unlawful and the court did not err in overruling the motion to suppress the evidence. Beeland v. State, 149 Tex.Cr.App. 272, 193 S.W.2d 687; Stickney v. State, 169 Tex.Cr.R. 533, 336 S.W.2d 133, cert. denied, 363 U.S. 807, 80 S.Ct. 1245, 4 L.Ed.2d 1151; Edwards v. State, 171 Tex.Cr.R. 70, 344 S.W.2d 687.

We note, further, that having found the arrest legal and having admitted the evidence, the court at appellant's request submitted the question as a fact issue to the jury and instructed that in the event the jury found the arrest was illegal, or had reasonable doubt that it was legal, not to consider for any purpose any testimony relating to the tennis shoes and the comparison of same to the footprints at or about the scene of the crime.

The remaining ground of error complains of the overruling of appellant's motion to quash the indictment, the ground of such motion being that "in the selection of the members of the indicting grand jury, the Grand Jury Commission excluded all members of the Negro race from grand jury duty, which exclusion amounted to racial discrimination," and denied appellant equal protection of the law and due process of law as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

■ The grand jury was empaneled prior to the date the offense was committed. In support of his motion to quash the indictment, appellant called one of the Jury Commissioners who selected the grand jury panel. We find nothing in his testimony to support a finding that Negroes were purposely or systematically excluded. In fact, he testified that he did not know whether or not any colored people were chosen.

The only other evidence offered on the issue was testimony to the effect that during the years 1964–1967 no colored persons were chosen to serve as Jury Commissioners.

■ The burden of proving alleged racial discrimination in the selection of the grand jury panel rested upon appellant. Akins v. Texas, 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692.

Discrimination in the selection of the grand jury is not shown. Such discrimination will not be presumed. Tarrance v. Florida, 188 U.S. 519, 23 S.Ct. 402, 47 L.Ed. 572.

The ground of error is overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.