11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Michael Jerome
Williams

Appellant

Vs.                   No.
11-99-00319-CR B
Appeal from Dallas County

State of Texas

Appellee

 

The
jury convicted Michael Jerome Williams of murder and assessed his punishment at
17 years imprisonment and a fine of $7,500. 
We affirm.

In
his first and second points of error, appellant challenges the legal and
factual sufficiency of the evidence to support the verdict.  Specifically, appellant claims that the
evidence is both legally and factually insufficient to show that he
intentionally or knowingly killed the victim. 


When
an appellant raises both legal and factual sufficiency challenges, we first
evaluate the legal sufficiency.  Clewis
v. State, 922 S.W.2d 126, 133 (Tex.Cr.App.1996).  We review all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Clewis v. State, supra at 132. 
In reviewing the factual sufficiency of the evidence, we conduct a
neutral review of the trial court=s
findings and determine whether the proof of guilt is so weak as to undermine
the confidence in the jury=s
determination or whether the proof of guilt is heavily outweighed by contrary
proof.  Johnson v. State, 23 S.W.3d 1,
11 (Tex.Cr.App.2000).








Around
10:00 p.m., Billy Joe Dye went to a friend=s
house to check on the victim.  Dwight
Hill, Jr. was at the friend=s
house, and he told Dye that the victim was in the kitchen.  Dye went into the kitchen where the victim
was slicing meat.  Dye had a heated
conversation with the victim.  Appellant
came into the kitchen where he and Dye began to scuffle.  The victim stood next to Dye during the
scuffle.  Appellant pulled a gun and
pointed it at Dye.  Dye tried to knock
the gun away from appellant, but appellant fired the gun and shot the victim in
the head and killed her. Appellant left the scene immediately following the
killing.

We
have reviewed the entire record, and the evidence is both legally and factually
sufficient to support the verdict.  It
appears to this court that appellant=s
theory is that the killing was not intentional or knowing.  The jury was not obligated to believe
appellant=s theory
that the killing was neither intentional or knowing.  Murder is a result-oriented offense.  See Cook v. State, 884 S.W.2d 485, 490 (Tex.Cr.App.1994).  Appellant must intend that death result or
have been aware his conduct was reasonably certain to cause death.  See Cook v. State, supra at 490.  AA
specific intent to kill can be inferred from the use of a deadly weapon.@  Wilson v. State, 948 S.W.2d 21, 24 (Tex.App. B Eastland 1997, pet=n ref=d).  Here, appellant used a deadly weapon in the
offense.  Moreover, A[t]he intent to kill may be
inferred from the nature of the injury inflicted and flight from the scene.@  Wilkerson v. State, 881 S.W.2d 321, 324 (Tex.Cr.App.1994); Wilson
v. State, supra at 24.   In this case,
appellant left the scene immediately after he shot and killed the victim.

The
jury apparently chose to believe the State=s
theory and to reject appellant=s
theory that he did not intentionally or knowingly kill the victim.  The evidence as well as the permitted
inferences are sufficient to sustain the verdict.  See Edwards v. State, 344 S.W.2d 687, 689 (Tex.Cr.App.1961). The
first and second points of error are overruled.

In
his third point of error, appellant challenges the application of law to the
facts in the jury charge pertaining to voluntary conduct and transferred
intent.  Appellant claims that he was
entitled to instructions on voluntary conduct and transferred intent.  








Appellant
objected to the jury charge and requested an instruction on voluntary
conduct.  Here, there is no error
because appellant submitted no evidence to raise the issue of voluntariness.  Moreover, if there was error, when error has
been properly preserved, to obtain a reversal based on an omitted instruction,
appellant must show the error is Anot
harmless.@  Almanza v. State, 686 S.W.2d 157, 171
(Tex.Cr.App.1985).  A jury instruction
on voluntariness is appropriate when requested Aif
the admitted evidence raises the issue of the conduct of the actor not being
voluntary.@  Brown v. State, 955 S.W.2d 276, 280
(Tex.Cr.App.1997).  Appellant made a
clearly physical body movement by pulling on the trigger to fire the gun.  Appellant put forth no evidence that the
firing of the gun which killed the victim was involuntary.  Even if it was error that no instruction was
given in the jury charge on voluntariness, the error is harmless.  The trial court correctly determined that
appellant was not entitled to a jury instruction on voluntariness.

Appellant
made no objection or request for an instruction on transferred intent.  In this case, we find that the trial court
did not err in not including an instruction on transferred intent; the jury
could have convicted appellant without considering transferred intent.  Moreover, if there was error, a reversal may
only be obtained when the error is fundamental, causing appellant to suffer Aegregious harm@ from a trial that was
unfair and not impartial.  Almanza v.
State, supra at 171.  Appellant has not
shown a fundamental error that rendered his trial unfair and not impartial in
connection with his contention that the jury could find transferred intent from
his alleged desire to stop a fight between Dye and the victim.  Because appellant suffered no egregious harm
from the omission of an instruction on transferred intent, the trial court
correctly determined that appellant was not entitled to such an
instruction.  Point of Error No. 3 is
overruled.

The
judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

October 18, 2001

Do not
publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.