11th
Court of Appeals

 Eastland,
Texas

            Opinion

 

Phillip A. Adams 

Appellant

Vs.       No.
11-00-00114-CR B
Appeal from Palo Pinto County

State of Texas

Appellee

 

The jury convicted appellant of capital murder and
assessed his punishment at confinement for life.  We affirm.

On December 19, 1996, the victim went to
Stephenville with his sister and brother-in-law to play bingo as they did every
week.  On the way home, the group
stopped by a convenience store in Granbury where the victim worked as a manager
because he noticed his night shift worker was not there.  The victim took over for the prior shift
workers who had not been relieved.  The
victim=s sister never
saw him again after she left the store because the victim never returned
home.  The victim=s body was found in a wooded area off a
country road in southeast Palo Pinto County thirteen months later.

Appellant asserts the following six issues: (1)
that the evidence was legally insufficient to support the verdict; (2) that the
evidence was factually insufficient to support the verdict; (3) that appellant
was denied due process and a fundamentally fair trial under the Fourteenth
Amendment of the United States Constitution and due course of law under Article
I, sections 10 and 19 of the Texas Constitution by the State=s belated disclosure of
exculpatory evidence; (4) that the trial court erred in allowing the State to
admit evidence that it failed to disclose consistent with the court=s pretrial discovery
orders; (5) that appellant was denied the effective assistance of counsel; and
(6) that the trial court erred in excluding statements from the victim about
his homosexual relationship with Michael Bartee.








In his first issue, appellant contends that the
evidence is not legally sufficient to support the verdict.  When reviewing a verdict for legal
sufficiency, we review the evidence in the light most favorable to the verdict
and ask whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).   Under TEX. PENAL CODE ANN. ' 19.03 (Vernon 1994), a
person commits the offense of capital murder when that person commits murder as
defined under TEX. PENAL CODE ANN. '
19.02(b)(1) (Vernon 1994) and the person intentionally commits the murder in
the course of committing or attempting to commit robbery. 

In his second issue, appellant argues that the
evidence is factually insufficient to support the verdict.  In a factual sufficiency challenge, the
question is whether a neutral review of all the evidence, both for and against
the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury=s
determination or that the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000).

The victim worked as a manager at a convenience
store in Granbury.  His coworker, Carol
Roberts, never saw him again after he left work early with a bank deposit of
$3,000 on December 20, 1996.  Roberts
testified that before the victim left work, the victim had an upsetting phone
conversation with appellant.  The victim
was an acquaintance of appellant when appellant moved to Granbury and had
briefly parked his RV in a park behind the E-Z Mart where the victim worked. 

Sheila Cross Brown, appellant=s ex-girlfriend, testified
that, when she lived and worked with appellant on the carnival circuit, they
were living from paycheck to paycheck and not saving money.  She said that, when she saw appellant on
December 21, 1996, he looked tired and upset. 
According to Roberts, appellant was at the convenience store borrowing
money from the victim daily.  Within two
days after the victim was last seen alive, appellant bought a pickup from a man
in Arlington for $1,200 and paid in cash, gave $305 cash to a prostitute,
stayed at a hotel in Grandbury and paid $50 in cash, and gave a $100 money
order to Brown.  Through its verdict,
the jury chose to believe the State=s
theory that appellant killed the victim in the course of robbing him and chose
to reject appellant=s
testimony.  The evidence is sufficient
to sustain that verdict.  Edwards v.
State, 344 S.W.2d 687 (Tex.Cr.App.1961). 
Because we find the evidence to be both legally and factually sufficient
to support the verdict, appellant=s
first and second issues are overruled.








In his third issue, appellant claims that he was
denied due process and a fair trial under the Fourteenth Amendment and due
course of law under Article I, sections 10 and 19 of the Texas Constitution by
the State=s belated
disclosure of exculpatory evidence.  Due
process guarantees under the U.S. Constitution require that the State provide
exculpatory evidence to the accused upon request.  Damian v. State, 881 S.W.2d 102, 107 (Tex.App. - Houston [1st
Dist.] 1994, pet=n ref=d).  A three-part test is used in determining
whether a prosecutor has violated the federal due process clause.  A violation occurs when a prosecutor: (1)
fails to disclose evidence; (2) which is favorable to the accused; (3) that
creates a probability sufficient to undermine the confidence in the
proceeding.  Damian v. State, supra at
107.

On the second day of trial, the defense was
provided with a report for the first time that included information that in
June 1997 Larry Goin telephoned Thelbert Millsap of the Texas Rangers advising
him that the victim may have been seen in the Dublin area.  The report indicated that people had been
interviewed who believed that they had seen the victim in the area of the
Buckboard Cafe and that people at the cafe also agreed that the photograph of
the victim looked familiar.  The defense
moved for a mistrial, but the trial court denied the motion. 

On Jan 29, 1999, 
the ADefendant=s First Motion for
Disclosure of Exculpatory Evidence@
was filed.  This motion was granted on
January 29, 1999. 

After the exculpatory evidence was revealed at
trial, the State located Mr. and Mrs. Williams, two witnesses who had
communicated with the State regarding the possibility of the victim being alive
in Dublin after his disappearance.  The
trial court allowed the defense an opportunity to visit with the Williamses by
telephone on one of the mornings during trial. 
The State also said that it would make sure that, if the defense wanted
the witnesses to appear at trial, the State would make them available to
testify.  After the conversation with
the Williamses, the defense did not ask to have the witnesses present at trial
and did not ask for a continuance.  In
addition, at the hearing on the motion for new trial, the defense did not have
anyone from Dublin testify that they had seen the victim since his
disappearance.  Therefore, there is no
evidence for this court to consider which might satisfy the second or third
element of the Damian test:  that there
was evidence that would be favorable to the defendant that created a probability
sufficient to undermine the confidence in the proceeding.  For this reason, we overrule appellant=s third issue.








In his fourth issue, appellant argues that the
trial court erred in allowing the State to admit evidence that it failed to
disclose in compliance with the trial court=s
pretrial discovery orders.  Absent bad
faith or willfulness on the part of the prosecution, the extreme sanction of
exclusion should not be imposed.  State
v. Wright, 830 S.W.2d 309, 313 (Tex.App. - Tyler 1992, no pet=n).  The defense has provided no evidence that
the exclusion of the evidence was willful or in bad faith.  If the trial court admits the evidence, a
showing of harm must be made to obtain a reversal on appeal.  Hollowell v. State, 571 S.W.2d 179, 180
(Tex.Cr.App.1978).  Appellant asserts
that the last-minute disclosures made by the State Aseverely compromised appellant=s right to a fair trial.@  However, appellant did not ask for a continuance or any other
remedy to this problem other than exclusion of the evidence.  Appellant=s
fourth issue is overruled.

In his fifth issue, appellant asserts that his
counsel was ineffective because of the failure to make objections at Akey points in trial.@  When confronted with a claim of ineffective assistance of
counsel, we apply the two-part test set forth in Strickland v. Washington, 466
U.S. 668 (1984).  The first prong of the
Strickland test requires appellant to show that his counsel=s performance was Adeficient.@ Strickland v. Washington,
supra at 687. A showing that counsel was deficient requires a showing that the
representation fell below an objective standard of reasonableness.  Tong v. State, 25 S.W.3d 707, 712
(Tex.Cr.App.2000). 

The second prong of the Strickland test
requires appellant to show that there is a reasonable probability that, but for
counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Tong v. State, supra at
712.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Strickland v. Washington, supra at 694.  There is a strong presumption that counsel=s actions fell within the
wide range of reasonable professional assistance.  Appellant has the burden to overcome the presumption that, under
the circumstances, the challenged action might be considered sound trial
strategy.  The standard of proof for
ineffectiveness of counsel is a preponderance of the evidence.  Ramirez v. State, 987 S.W.2d 938, 943
(Tex.App. - Austin 1999, no pet=n).  








Appellant asserts that, when the prosecutor was
cross-examining appellant, she repeatedly asked appellant if other witnesses
were lying when they testified. 
Appellant asserts that requiring appellant to state his opinion as to
the truth or falsity of the other witnesses=
testimony was improper. However, Williams v. State, 17 S.W.2d 56, 58
(Tex.Cr.App.1928), states that, while it is improper to require a witness to
express his opinion as to the truth or falsity of testimony contradicting him,
such actions do not mandate reversal. 
The trial court reasoned that, if the jury had accepted appellant=s version as the truth, it
would have necessarily concluded that the State=s
witnesses had testified falsely. 
Williams v. State, supra at 58. 
We find that counsel=s
lack of objection to the State=s
cross-examination does not meet the second prong of the Strickland test
in that there is not a reasonable probability that the outcome would have been
different if this line of questioning had been excluded.

In addition, appellant argues that statements made
by the prosecutor during closing arguments were improper.  One such statement called appellant=s experts Ahigh-dollar experts@ and alluded to the fact
that, if the experts would not testify in a way which would help the defense, they
would not be paid.  Drawing attention to
possible biases of witnesses is permissible jury argument.  Satterwhite v. State, 858 S.W.2d 412, 425
(Tex.Cr.App.1993).  Because the argument
was permissible, the first prong of the Strickland test cannot be met:
counsel=s omission of
an objection to permissible argument cannot constitute deficient performance.
Appellant=s fifth
issue is overruled.








In his sixth issue, appellant urges that the trial
court erred in refusing to allow him to testify about statements made by the
victim describing a homosexual relationship between the victim and  Bartee. 
Appellant testified in a hearing outside of the presence of the jury that
the victim had had an argument with Bartee shortly before his disappearance.  Appellant argues that not allowing testimony
about the substance of this argument and the relationship between the victim
and Bartee violated his right to present his defense in violation of his Sixth
and Fourteenth Amendment rights under the U.S. Constitution as well as his
rights under TEX. CONST. art. I, '
10.  Defense counsel did make an offer
of proof.  Appellant testified that the
argument had taken place because Bartee had supposedly been Amessing@ with a lady in Fort Worth
and that the victim was upset about that. 
Appellant stated that the victim was gay and that the victim had often
discussed his relationships with men. 
Additionally, the defense counsel offered the following items for the
trial court=s review:
(1) an inventory of the victim=s
car which included videos showing homosexual behavior and erotic books which
had a homosexual theme and (2) a statement of Roberts, the woman who worked
with the victim at the E-Z Mart who said that the victim often went to the park
when he was not working to Asee
if any men came by.@

The court would not allow this testimony, and it
appears this was based on the State=s
argument that such testimony would violate the hearsay rule.  TEX.R.EVID. 802.  Appellant argues that the evidence is admissible as a hearsay
exception as a statement against interest and is independently admissible under
Chambers v. Mississippi, 410 U.S. 284 (1973). 
Appellant asserts that the statements are against the victim=s social interest.  To be admissible, a statement against
interest that makes the declarant the object of hatred, ridicule, or disgrace
must be considered in the context of the declarant=s social interests.  Miles v. State, 918 S.W.2d 511, 516 (Tex.Cr.App.1996).  As in Miles, we do not find that the
victim was subject to hatred, ridicule, or disgrace at the time he made the
statements such that the statements were against his interest.  Part of appellant=s testimony that was not admitted included the
fact that the victim had described his relationships with men to appellant and
that the victim was Avery
open with it.@  Roberts, a coworker and friend of the
victim, testified that everyone knew the victim was gay.  If it was common knowledge that the victim
was a homosexual, the statements were not against the victim=s social interest and were
not admissible.  Appellant=s sixth issue is overruled.

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

May 30, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.