**Theodore Charles RUARK and Charles Willard Ferguson, Plaintiffs,**

v.

**John M. SCHOOLEY, D. R. Stills and L. C. Owens, Defendants.**

**Civ. A. No. 7761.**

United States District Court
D. Colorado.

Dec. 28, 1962.

T. C. Ruark and C. W. Ferguson, pro se.

Robert S. Wham, City Atty., and James H. Snyder, Asst. City Atty., Denver, Colo., for defendants.

CHILSON, District Judge.

The defendants have filed a motion to dismiss the complaint and briefs have been filed in support of and in opposition to said motion. The Court has considered the motion and the briefs and is now duly advised.

The complaint seeks damages for an alleged violation of Sections 1983 and 1985(3) of Title 42 United States Code (federal Civil Rights Act).

Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Section 1985(3), insofar as it applies to this case, gives a right of action for damages to persons injured by an act done in the furtherance of a conspiracy to deprive any person or class of persons of the equal protection of the laws.

The motion to dismiss is based on two grounds: first, that this Court lacks jurisdiction; and, second that the complaint fails to state a claim upon which relief can be granted.

■ This Court has jurisdiction by virtue of Title 28 United States Code § 1343, which in its essential parts provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
*  *  *

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

"(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

The motion to dismiss for lack of jurisdiction should be and hereby is denied.

Does the complaint state a claim upon which relief can be granted by this Court?

The complaint alleges the plaintiffs were confined in the Denver county jail awaiting trial on a felony charge in the State District Court in Denver, Colorado; while so confined, the defendants, acting under color of state law, caused plaintiffs to be confined in an isolation cell and deprived of food, water and toilet paper for a period of 52 hours.

For the purposes of disposing of the motion to dismiss, the commission of the acts alleged and their commission by defendants under color of state law is admitted.

Plaintiffs contend that these acts:

(1) Were in violation of Colorado Revised Statutes 105-7-4, which provides:

"The sheriff of each county shall feed all the prisoners kept in confinement by him, with good and sufficient food."

(2) Were in violation of Article II, Section 20 of the Colorado Constitution, which prohibits the infliction of "cruel and unusual punishments."

(3) Deprived the plaintiffs of equal protection of the laws contrary to their rights under the Fourteenth Amendment to the federal Constitution.

(4) Denied the plaintiffs due process of law contrary to their rights under the Fourteenth Amendment to the federal Constitution.

■ It is only deprivation of rights derived under the federal Constitution and laws which give rise to an action under Sections 1983 and 1985(3).

■ The fact that defendants, while acting under color of state law, may have violated a state law or the state Constitution is not a basis for an action under the federal Civil Rights Act, unless the violations result in a deprivation of some right which the plaintiffs have under the federal Constitution and laws.

"Violation of local law does not necessarily mean that federal rights have been invaded. The fact that a prisoner is assaulted, injured, or even murdered by state officials does not necessarily mean that he is deprived of any right protected or secured by the Constitution or laws of the United States." Screws v. United States, 325 U.S. 91 at 108, 65 S.Ct. 1031, at 1038, 89 L.Ed. 1495.

Although the complaint does not so state, plaintiffs contend in their brief that the defendants' violation of the foregoing statute by failing to provide them with food, while at the same time complying with the statute by feeding other prisoners, was a denial of equal protection of the law.

The Supreme Court in considering a similar contention stated:

"The contention that illegal conduct on the part of the State's officers deprived petitioner of the equal protection of the laws hardly needs notice. The claim is that where officers violate the law so that some defendants are treated as was petitioner, and others are treated as the law requires, inequality and discrimination results which denies equal protection. The contention is frivolous." Lisenba v. California, 314 U. S. 219 at 226, 62 S.Ct. 280, at 285, 86 L.Ed. 166.

In Snowden v. Hughes, 321 U.S: 1, 64 S.Ct. 397, 88 L.Ed. 497, the Court in affirming the dismissal of a complaint based on the civil rights statutes, pointed out that denial of equal protection of the laws involves more than discrimination or unequal treatment. The Court said:

"The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination. * * * But a discriminatory purpose is not presumed, Tarrance v. Florida, 188 U.S. 519, 520 [23 S.Ct. 402, 47 L.Ed. 572]; * * *." Page 8, 64 S.Ct. page 401.

"A construction of the equal protection clause which would find a violation of federal right in every departure by state officers from state law is not to be favored." Page 11, 64 S.Ct. page 402.

The complaint here alleges no facts which, if proven, would show a purposeful discrimination and therefore fails to state a claim of denial of the equal protection of the laws upon which relief can be granted.

It is not alleged in the complaint nor is it set forth in the plaintiffs' brief in what respect the acts complained of resulted in a denial of due process of law. As we have heretofore pointed out, Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, supra, held that the violation of local law by state officers does not necessarily mean that federal rights have been invaded, and the fact that a prisoner may be injured by state officials does not necessarily mean that the prisoner is thereby deprived of any right protected or secured by the Constitution or laws of the United States.

Since the plaintiffs appear pro se and are not lawyers, the Court in applying the foregoing rules to this case has carefully considered the essence of the complaint to determine not only whether or not there is a basis for a claim of denial of equal protection of the law and due process, but also whether the facts alleged are the basis for the denial of a claim of any other right of the plaintiffs under the federal Constitution and laws.

■ The Court concludes that the facts alleged in the complaint, if proven, would show only that defendants, while

acting under color of state law, inflicted injury upon the plaintiffs, and in doing so violated state law. Applying the rules heretofore set forth, those facts, if proven, do not constitute a denial of equal protection of the laws or due process or the deprivation of any other rights of the plaintiffs under the federal Constitution and laws.

The complaint fails to state a claim upon which relief can be granted by this Court.

It is therefore ordered that the motion to dismiss the complaint be and the same is hereby granted and the complaint is hereby dismissed.