Harold Patrick **MARTIN**, Plaintiff,

v.

George J. **KING**, Marshal of the Town of Buena Vista, Defendant.

Civ. A. No. C–1190.

United States District Court
D. Colorado.

April 9, 1969.

Carl Feldhamer, Denver, Colo., for plaintiff.

Peter Cosgriff and John W. Dunn, Leadville, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

The complaint alleges three claims for relief. The first two are based on 42 U.S.C.A. § 1983 and the third on 42 U.S.C.A. § 1985, commonly referred to as the Civil Rights Acts.

The essence of the first claim is that the defendant, the Town Marshal of Buena Vista, Colorado, deprived the plaintiff of his property without due process of law in enforcing an ordinance of the town pertaining to abatement of nuisances. Plaintiff alleges that in enforcing the ordinance, the defendant impounded two of plaintiff's steers which he kept within the town and which he refused to remove after notice and demand was served upon him pursuant to the ordinance.

The second statement of claim incorporates the allegations of the first statement and alleges that other residents of the town kept similar livestock and no action was taken against them by defendant and that this denied plaintiff of equal protection of the laws.

The third statement of claim alleges a conspiracy based upon the same fact allegations as set forth in the first and second statements of claim.

The first statement of claim does not state a claim upon which relief can be granted. The plaintiff was not deprived of his property (the steers); the defendant merely removed them from the town in accordance with the ordinance which it was his duty to enforce. Additionally, Section 1983 does not confer jurisdiction where a person seeks only to protect property rights. Ream v. Handley, 7 Cir., 359 F.2d 728; McManigal v. Simon, 7 Cir., 382 F.2d 408 and cases cited therein.

The failure of the defendant to enforce the ordinance against others as alleged in the second claim, does not de-

422

prive the plaintiff of equal protection of the law and the second claim does not state a claim upon which relief can be granted. Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; Ruark v. Schooley, 211 F. Supp. 921 (Colo.1962).

The third statement of claim alleges a conspiracy but is based on the same acts and omissions as charged in the first two statements of claim and having no other basis, the third statement of claim fails to state a claim upon which relief can be granted.

It is therefore ordered that the motion to dismiss the complaint is hereby sustained and Judgment of Dismissal shall be forthwith entered.