**Harold Patrick MARTIN, Plaintiff-Appellant,**

v.

**George J. KING, Marshal of the Town of Buena Vista, Defendant-Appellee.**

**No. 264-69.**

United States Court of Appeals
Tenth Circuit.

Nov. 5, 1969.

John W. Dunn, Leadville, Colo., for appellee.

Before PHILLIPS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant Martin, a United States citizen residing in Buena Vista, Colorado, filed a complaint under the Civil Rights Acts commencing an action against appellee King, the duly appointed, qualified and acting town marshal of the town of Buena Vista, a municipal corporation of the State of Colorado. In the complaint Martin seeks actual damages in the amount of $2,000 and punitive damages in the amount of $24,000 for denial of rights given by the fourteenth amendment to the United States Constitution.

Jurisdiction is invoked by virtue of the substantive sections of the act,[1] together with the fourteenth amendment to the United States Constitution. The pleadings do not mention 28 U.S.C. § 1343, the jurisdictional statute.

The trial court dismissed the complaint and the action by its judgment on King's motion. This appeal followed.

The complaint alleges that on or about October 15, 1968, prior to the time of the acts and omissions complained of, King served a summons and complaint on Martin charging him with maintaining a nuisance in violation of an ordinance prohibiting the "keeping, raising, housing, stabling or corralling of cattle * *" within certain zoned areas of the town without a permit.

Martin appeared at the appointed time, pleaded not guilty to the violation, and demanded a jury trial. The matter was set for trial on November 18, 1968.

On October 30, 1968, King, pursuant to the provisions of the ordinance here attacked, served notice on Martin that if he did not remove the steers from the premises within 24 hours they would be impounded. They were not removed whereupon King entered Martin's prem-

Kenneth J. Burke, Denver, Colo., for appellant.

---

1. 42 U.S.C. §§ 1983 and 1985.

ises, took possession of the steers and impounded them.

In order that no possible claim for relief may be overlooked, we adopt the description in Martin's brief together with the supplementary allegations supplied by his more definite statement:

"On or about the 26th day of November, 1968, the Plaintiff [Martin] served Defendant [King] with a Summons and [Civil] Complaint which, when considered along with the supplementary allegations supplied to Defendant, at his request, set forth the following material allegations:

"A. Jurisdiction was invoked under Sections 1983 and 1985 of Title 42, United States Code, and the 14th Amendment to the United States Constitution (Complaint, Page 1).

"B. The Plaintiff was lawfully maintaining the animals in question with the required permit, and the Defendant's actions deprived the Plaintiff of his property without due process while the Defendant was acting under the color of municipal ordinance. Defendant knew of the wrongfulness of his acts since all men are presumed to know the law, and similar ordinances regarding maintenance of livestock had previously been found invalid and unconstitutional in other Colorado cases. Furthermore, even if the ordinance were valid, the Plaintiff had been granted a valid permit by proper authority, and the Defendant proceeded in disregard thereof by performing the acts specified, without opportunity being presented to the Plaintiff for a hearing (Complaint, Pages 2–4; more definite statement, Pages 1–2).

"C. SECOND CLAIM FOR RELIEF —Defendant's intentionally and unfairly singling out the Plaintiff for prosecution and harassment, while others were allowed similarly to maintain animals with impunity, amounted to such unequal and capricious action as to constitute a denial of equal protection (Complaint, Page 4).

"D. THIRD CLAIM FOR RELIEF— Defendant's conspiracy to deprive the Plaintiff of his rights, coupled with the acts already complained of, and done in furtherance of said conspiracy, amounted to an actionable violation of Section 1985 of Title 42, United States Code (Complaint, Page 5).

"E. Defendant's actions were done in willful and known violation of the Plaintiff's rights, for which punitive damages were sought (Complaint, Pages 1–5; more definite statement, Pages 1–3)."

The trial court in its memorandum opinion, 298 F.Supp. 420–421–422 said:

"The plaintiff was not deprived of his property (the steers); the defendant merely removed them from the town in accordance with the ordinance which it was his duty to enforce. Additionally, Section 1983 does not confer jurisdiction where a person seeks only to protect property rights. * * *

"The failure of the defendant to enforce the ordinance against others as alleged in the second claim, does not deprive the plaintiff of equal protection of the law and the second claim does not state a claim upon which relief can be granted. * * *

"The third statement of claim alleges a conspiracy but is based on the same acts and omissions as charged in the first two statements of claim and having no other basis, the third statement of claim fails * * *."

The issues argued are:

(1) The town had no authority to regulate the maintenance of cattle by the ordinance in question.

(2) Assuming the ordinance was valid, the town or its agents were without authority to remove the animals prior to an adjudication concerning their condition.

(3) The court erred in dismissing plaintiff's first claim on the grounds hereinabove set out.

(4) The court erred in its grounds dismissing the second claim.

(5) The court erred in its grounds for dismissing the third claim.

■ The ordinance attacked in the first issue is titled: "An ordinance defining certain nuisances within the town of Buena Vista, Colorado, and providing for the abatement, removal or suppression of the same and further providing penalties for the violation thereof * * *" The same rules of construction are used in construing legislative enactments whether statutes or ordinances. · Cf. Dominquez v. City & County of Denver, 147 Colo. 233, 363 P.2d 661, 664 (1961). And see City of Lewiston v. Mathewson, 78 Idaho 347, 303 P.2d 680 (1956); White v. City of Twin Falls, 81 Idaho 176, 338 P.2d 778 (1959).

"Under the constitutional provision, a title is an indispensable part of every statute, and the expression of the subject of the act must be found, if at all, in the words of the title." I Sutherland Statutory Constr. § 1709, p. 299 (3rd ed. 1943).

■ As the title indicates, the ordinance defines nuisances and provides for the abatement, removal or suppression of the same. "The maintenance * * * of cattle * * * is declared a nuisance." 7 Colo.R.S. § 139–32–1 (58) (1963) authorizes municipalities under the police power section "[t]o declare what shall be a nuisance and to abate the same * * *." Accordingly, legislative authority exists for enacting the ordinance under the police power delegated by the state legislative body to the municipality.

Martin cites two cases to sustain his argument that the ordinance is invalid, Phillips v. City of Denver, 19 Colo. 179, 34 P. 902 (1893), and City and County of Denver v. Rogers, 46 Colo. 479, 104 P. 1042, 25 L.R.A.,N.S., 247 (1909). The inappropriateness of this authority was initially recognized in Curran Bill Posting & Dist. Co. v. City of Denver, 47 Colo. 221, 107 P. 261, 265, 27 L.R.A., N.S., 544 (1910) that the cases were decided under a special charter granted by the legislature which was subsequently changed by constitutional amendment. "It is fundamental law that a municipality under our system of government may, by ordinance, require the owner of a lot to so use it that the public health and safety will be best conserved, and to this end its police power may be exercised. * * *" Willison v. Cooke, 54 Colo. 320, 130 P. 828, 831, 44 L.R.A.,N.S., 1030 (1913).

The recognition of the obsolete situation portrayed by Phillips, supra, is contained in Judge Doyle's dissent in City and County of Denver v. Denver Buick, Inc., 141 Colo. 121, 347 P.2d 919, 944 (1960) citing Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). In addition to arguing for the application of old principles to the changed facts of modern day life, the cases relate to zoning and the ordinance here in question is singly a nuisance ordinance. The Phillips case was a spot zoning case. See Annot., 39 A.L.R.2d 766 n. 1 (1955).

■ In the light of the foregoing, we conclude the ordinance is a valid nuisance abatement ordinance which lawfully declares maintenance of cattle within the town limits a nuisance and provides for abatement thereof unless a permit allowing such maintenance has been granted.

■ The complaint does not allege that Martin had a permit, but the more definite statement could be construed to claim that a permit had been granted. The date of the permit is not averred nor is a copy presented in the record. The complaint does allege the cattle were impounded for two days and then returned to Martin. We could conclude that impounding preceded the issuance of a permit. Recognizing the rule that upon review after dismissal for failure to state a claim for relief, the complaint must be read in the light most favorable to the plaintiff, Ronsick v. Phariss, 286 F.2d 316 (10th Cir. 1960), we still cannot conclude that a permit was granted before the impounding occurred.

"It has also been recognized that the conferring of discretionary power upon administrative boards to grant or withhold permission to carry on a trade or business which is the proper subject of regulation within the police power of the state is not violative of rights secured by the Fourteenth Amendment * * *." Mosher v. Beirne, 357 F.2d 638, 641 (8th Cir. 1966). King, as marshal, was the agent of the city government when he issued the citation and impounded the steers. The ordinance is valid, and the execution thereof by King in strict compliance with its abatement provision is not within the ambit of the Civil Rights Acts. Such acts protect personal civil rights and not natural rights stemming from the ownership of personal property. Howard v. Higgins, 379 F.2d 227 (10th Cir. 1967).

Stringer v. Dilger, 313 F.2d 536 (10th Cir. 1963) is distinguished by the fact that personal civil rights were unreasonably and recklessly abused by a police officer. As one of the damages allowed, the loss of use of property owned, which the citizen had a natural right to possess, was recognized as a corollary of the violation of his personal civil rights. Therefore the trial court was correct in dismissing the first claim and action.

The second claim, i. e. that the enforcement of the ordinance was not uniform because other townspeople similarly situated were not prosecuted and therefore Martin's right to equal protection was abused, is also without merit. The claim patently falls outside equal protection because Martin would contend that he had a right to be protected from the evils which he says do not exist. Prosecution of other townspeople would be for offending against Martin and others by maintaining cattle in the town without a permit. This does not constitute a civil rights violation even if it is malicious. Birnbaum v. Trussell, 371 F.2d 672, 676 (2d Cir. 1966); Ruark v. Schooley, 211 F.Supp. 921 (D.C.Colo. 1962). Accordingly, the trial court properly dismissed the second claim and action.

The third claim relies upon the acts and omissions determined above not to be within the ambit of the Civil Rights Acts. Therefore, it cannot stand.

The trial court's judgment dismissing the complaint and the action is affirmed.

Affirmed.