Stephen G. REMINE

v.

Peter J. DECKERS, M.D., et al.

No. 2:92cv0755 (PCD).

United States District Court,
D. Connecticut.

Jan. 11, 1995.

John R. Williams, the Law Offices of John R. Williams, New Haven, CT, for plaintiff.

William N. Kleinman, Atty. General's Office, Education/DMR Unit, Farmington, CT, for defendants.

## MEMORANDUM ON MOTIONS FOR SUMMARY JUDGMENT

DORSEY, Chief Judge.

Plaintiff alleges violation of his rights under § 504 of the Rehabilitation Act of 1973, the Equal Protection clause, the Due Process clause, and Connecticut law. Defendants move to dismiss or for summary judgment, contending that plaintiff's claim does not permit his recovery, defendants are entitled to qualified immunity, and the state law claim is barred by Chapter 53, Conn.Gen.Stat. The parties have supported their positions by affidavits, material outside the pleadings. Accordingly, the motion will be treated as one for summary judgment. Fed.R.Civ.P. 12(b), 56. Plaintiff has conceded the motion as to his due process claim. Therefore, summary judgment is granted as to that claim.

## I. FACTS

Plaintiff is an experienced surgeon. He was recruited by Dr. Deckers, who gave him several administrative titles. He was appointed for one year, to June 30, 1989, with administrative jobs bestowed on him by Dr. Deckers as Chairman of the Department of Surgery. He claims an oral promise of six years employment. Plaintiff was responsible for department clinical matters, teaching, administration, research and patient quality care. His responsibilities included collegial relations with the department and integrated institution surgeons. As Department Vice–Chairman, he acted in the Chairman's absence. He received appointments through June 30, 1990 and 1991. With Dr. Decker's support, he became director of the Connecticut Cancer Institute. (CCI)

Plaintiff's performance was scrutinized by defendants who assert that they acted in response to negative observations on that performance and to plaintiff's requests for assessments. Dr. Deckers provided periodic observations about areas in which the performance was felt to be deficient. A formal evaluation in his second year was negative in several respects. In his second year, plaintiff was observed by Dr. Deckers to be failing to attend meetings related to the department's function and to address some of his responsibilities. Just before his reappointment on July 1, 1990, Dr. Decker discussed his concerns about plaintiff's several responsibilities and the need to meet them all. He then raised the question of plaintiff being relieved of at least one of them and later relieved him as Chief of Surgery. In November, 1990, plaintiff resigned as Director of the CCI allegedly resulting in the department losing $50,000. In March, Dr. Decker discussed plaintiff's giving up two other jobs to focus on his teaching. Plaintiff wished to retain them and was allowed to do so.

On May 1, 1991, plaintiff entered a psychiatric institution for two months. Dr. Decker received a purported certification of plaintiff's fitness to work. He arranged to return to work in September, 1991, but he was reinstitutionalized after a suicide attempt. He attributes this setback to Dr. Deckers. He was then on medical leave but was reappointed, eventually for a full year, according to defendants, to preserve his medical benefits. After the second institutionalization, defendants claim they did not receive requested demonstration of plaintiff's fitness to work. He was determined to be disabled by two psychiatric examiners in January, 1992, though defendants were not provided with their reports.

In March 1992, plaintiff resigned his position at the UConn School of Medicine to become a Chief of Surgery in Ohio.

Plaintiff lists 19 material facts genuinely in dispute. Many are not determinative of the issues raised by the motion. Many are inferences asserted to be drawn from other facts, largely reflective of the slant plaintiff puts on disputed facts. Some pertain to motives or thought processes of defendants. Material disputes exist as to promises allegedly made by defendants to induce plaintiff to take the job in 1988, whether plaintiff had a full opportunity to address complaints about his work, whether plaintiff was undermined by

defendants, whether plaintiff was precluded by Dr. Deckers from returning to work in August, 1991, whether Dr. Deckers discussion with plaintiff in August, 1991 was abusive in the extreme and what was the effect thereof on plaintiff. Immaterial to plaintiff's legal rights are the claims in ¶¶ 2, 3, 4, 5, 6, 7, 9, 10, 14, and 16.

## II. *DISCUSSION*

■ Defendants, as movants, must demonstrate the existence of no genuine issue of material fact based on the record created. Rule 56(c), F.R.Civ.P.; *Donahue v. Windsor Locks Board of Fire Commissioners*, 834 F.2d 54 (2d Cir.1987). The burden is met if the record reflects no basis on which the trier could find for the non-movant. *First National Bank v. Cities Service Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A claim of a factual dispute is not necessarily demonstrative of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A non-movant may not rest on allegations but in the face of a soundly based motion must come forward with evidence which, if credited by the trier of fact, would establish the elements of his claim as he must prove them at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### A. *Equal Protection*

■ Discrimination is the essence of an equal protection claim. It lies in different treatment for a member of a distinct class as opposed to others such that his membership in the class was a factor in his treatment. Plaintiff claims discrimination because of his being a psychiatric patient. Defendants argue that he has not proven he was singled out for different treatment by reason of his membership in the class. They assert a failure of any showing that anyone not in the class was treated more favorably. Indeed they claim that plaintiff was treated very deferentially because of his condition and that employment decisions were made only on the basis of his demonstrated inability to perform the duties of his several jobs. Plaintiff characterizes as inappropriate the treatment he received from defendants and their concerted course which allegedly establishes their conspiracy. He relies on his protection from conspiracies and from disparate treatment by reason of his handicap, but those are claims under § 1985 and 29 U.S.C. § 794. His claim, as a handicapped person as defined in 29 U.S.C. § 794, lies not under the equal protection clause, but as statutorily established protection. He cites no authority for a separate equal protection claim so based. He offers no evidence of any treatment different from anyone similarly situated. He cites the accommodation of a colleague called to temporary military active duty, a disingenuously inapplicable comparison, at best. He claims to have been mistreated as a person with psychiatric disabilities. He thus asserts an absolute right to be accommodated with his disability, i.e. that he has the right to be treated equally with others with no disability without regard to the right of an employer to his performance in the function for which he was hired. He thus claims a greater right than that created by the ADA, which recognizes an employer's right to require an employee to be able to perform the job for which he/she was hired subject to the employer's obligation to provide reasonable accommodation for a disability.

■ Plaintiff cannot rely on § 1985. That section is not the source of the fundamental right not to be discriminated against. It is only if there is evidence of a conspiracy to deprive him of a right otherwise founded in the constitution, that an action lies under § 1985. *Means v. Wilson*, 522 F.2d 833 (8th Cir.1975), cert. den. 424 U.S. 958, 96 S.Ct. 1436, 47 L.Ed.2d 364 (1976); *U.S. v. Sanges*, 48 F. 78 (5th Cir.), error dismissed 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445 (1891); *Taylor v. Nichols*, 409 F.Supp. 927 (D.Kan.), aff'd, 558 F.2d 561 (10th Cir.1977): *Johnston v. National Broadcasting Co., Inc.*, 356 F.Supp. 904 (E.D.N.Y.1973); *Ruark v. Schooley*, 211 F.Supp. 921 (D.Colo.1962); *Bryant v. Harrelson*, 187 F.Supp. 738

(C.Tex.1960). Plaintiff has shown no violation of a constitutional right.

■ Plaintiff has offered no authority contrary to defendants' claim that employees of a single employer cannot be found to have conspired under § 1983. *Herrmann v. Moore,* 576 F.2d 453 (2d Cir.), cert. den., 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 679 (1978): *Lieberman v. Gant,* 474 F.Supp. 848, 875 (C.Conn.), aff'd, 630 F.2d 60 (2d Cir. 1980).

### B. *Rehabilitation Act*

■ Under the Rehabilitation Act of 1973, a handicapped but otherwise qualified person may not be excluded from certain positions by reason of the handicap. 29 U.S.C. § 794. Defendants do not challenge plaintiff's status as handicapped. 29 U.S.C. § 706(8). Rather they claim he was not acted against by reason of his handicap but that he was not "otherwise qualified" and thus not entitled to the protection of § 794.

There is no evidence that plaintiff's removal from the administrative duties, appointment to which was discretionary, resulted from other than Dr. Deckers' fair assessment of his ability to perform them. His employment was terminated when he undertook other employment. Prior thereto he was unable to perform as he was being treated, including two institutionalizations.

Accordingly, summary judgment for defendants is granted as to the equal protection claim but denied as to the claim under 29 U.S.C. § 794. As to the latter, there are questions of fact as to whether defendants' decisions were reasonably justified based on plaintiff's alleged inability to function as opposed to his claim of an ultimate ability to resume his responsibilities. While there is evidence of defendants' deference to plaintiff's condition, it is not without dispute as whether he can demonstrate that his condition prevented his resumption as his jobs required and whether the employment decisions complained of were reasonably necessitated by the immediate disability.

Plaintiff must show that the employment decisions, of which he complains, occurred solely by reason of his disability. *Sedor v. Frank,* 42 F.3d 741, 743–45 (2d Cir.1994); *Gilbert v. Frank,* 949 F.2d 637, 640 (2d Cir. 1991); 29 U.S.C. § 794(a). His disability must be shown to have been the only cause of the employment action complained of. *Teahan v. Metro–North Commuter Railroad Co.,* 951 F.2d 511, 515–16 (2d Cir.1991), cert. den., —— U.S. ——, 113 S.Ct. 54, 121 L.Ed.2d 24 (1992). The motivation behind those decisions is disputed. Plaintiff claims he was harassed by defendants who made the decisions as part of a plan to discredit and undermine his performance and thus forced him into the emotional upheaval which necessitated his course of psychiatric treatment and admission to the Institute of Living. Defendants claim to have acted in the best interests of the hospital and its patients when faced by plaintiff's conduct and inability to function due to his psychiatric condition. While much of plaintiff's claims are founded on his view of the sequence of events including defendants' actions, there is just enough to his case to refrain from deciding the actual motivations as questions of law on the basis of affidavits. They are best left to a live presentation and exploration at trial.

### C. *Intentional Infliction of Emotional Distress*

■ This contention is questionable, having in mind the heavy burden of proof required to sustain the claim. Since the full import of evidence in documentary form cannot be assessed, the matter will be left for trial when the claimed lack of an evidential foundation for the claim can more adequately weighed.

### D. *Qualified Immunity*

This defense is pointed only toward the constitutional claims. As such claims are hereby to be dismissed, defendants' right to prevail on the defense need not be discussed.

### E. *Statutory Immunity*

Defendants' claim of immunity is disputed only on the basis that the claim of intentional infliction of emotional harm is founded on the extreme behavior to which Conn.Gen.Stat. § 4–165 does not apply, i.e. wanton, reckless and malicious. The conduct complained of is

**1542**

doubtfully of that nature but that question is deemed best left for the jury.

### III. *CONCLUSION*

Defendants' motion for summary judgment (doc. #18) is granted as to the claims of equal protection and conspiracy under § 1985. It is denied as to claims under 29 U.S.C. § 794 and for emotional harm.

SO ORDERED.